Order Filed on
**1/15/2009**
by Clerk U.S. Bankruptcy
Court District of New Jersey

| |
|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)** |
| COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. <br> A Professional Corporation <br> 25 Main Street <br> P. O. Box 800 <br> Hackensack, NJ 07602-0800 <br> (201) 489-3000 <br> (201) 489-1536  Facsimile <br> Michael D. Sirota, Esq. <br> Warren A. Usatine, Esq. <br> Attorneys for Tarragon Corporation, *et al.*, Debtors-in-Possession |
| In re: <br><br> TARRAGON CORPORATION, *et al.*, <br><br>            Debtors-in-Possession. |

Case No. 09-10555 (DHS)

Judge:  Donald H. Steckroth

Chapter 11

Hearing Date: January 14, 2009

**INTERIM ORDER PURSUANT TO SECTIONS 105(a), 362(a)(3) AND 541 OF THE
BANKRUPTCY CODE (A) LIMITING CERTAIN TRANSFERS OF EQUITY
INTERESTS OF THE DEBTORS AND CLAIMS AGAINST THE DEBTORS AND (B)
APPROVING RELATED NOTICE PROCEDURES**

The relief set forth on the following page, numbered two (2) through five (5), is hereby
**ORDERED.**

**DATED: 1/15/2009**

Honorable Donald H. Steckroth
United States Bankruptcy Judge

(Page 2)

| | |
|---|---|
| Debtors: | TARRAGON CORPORATION, *et al.* |
| Case No. | 09-10555 (DHS) |
| Caption of Order: | INTERIM ORDER PURSUANT TO SECTIONS 105(a), 362(a)(3) AND 541 OF THE BANKRUPTCY CODE (A) LIMITING CERTAIN TRANSFERS OF EQUITY INTERESTS OF THE DEBTORS AND CLAIMS AGAINST THE DEBTORS AND (B) APPROVING RELATED NOTICE PROCEDURES |

THIS MATTER having been opened to the Court by Cole, Schotz, Meisel, Forman & Leonard, P.A., proposed attorneys to Tarragon Corporation *et al.*, the within debtors and debtors-in-possession (collectively, the "Debtors"),[1] upon motion for entry of an Order pursuant to Sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code (a) limiting certain transfers of equity securities of the Debtors and claims against the Debtors and (b) approving related notice procedures (the "Motion");[2] and it appearing that good and sufficient notice of the Motion having been provided in accordance with the Order Regarding Application for Expedited Consideration of First Day Matters previously entered by the Court, as evidenced by the Affidavit of Service filed with the Court; and the Court having considered all the motion papers, the opposition thereto, if any, and the arguments of counsel, if any; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and other good cause having been shown,

---

[1] The Debtors are Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon L.L.C., Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park Development East LLC, Vista Lakes Tarragon, LLC, Murfreesboro Gateway Properties, LLC and Tarragon Stonecrest, LLC.

[2] Unless otherwise defined herein, all capitalized terms used herein shall have the meanings set forth in the Motion.

*Approved by Judge Donald H. Steckroth January 15, 2009*

(Page 3)

| | |
|---|---|
| Debtors: | TARRAGON CORPORATION, *et al.* |
| Case No. | 09-10555 (DHS) |
| Caption of Order: | INTERIM ORDER PURSUANT TO SECTIONS 105(a), 362(a)(3) AND 541 OF THE BANKRUPTCY CODE (A) LIMITING CERTAIN TRANSFERS OF EQUITY INTERESTS OF THE DEBTORS AND CLAIMS AGAINST THE DEBTORS AND (B) APPROVING RELATED NOTICE PROCEDURES |

IT IS HEREBY ORDERED:

1.     The procedures set forth on Exhibit A attached hereto shall apply to trading in and of the equity securities of the Debtors and transfers of claims against the Debtors and are incorporated in and deemed part of this Order.

2.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

3.     Notwithstanding the definition of "beneficial ownership" in Exhibit A hereto, sales, acquisitions or other transfers of claims against or equity securities in and of a Debtor by a person or entity acting as a broker, custodian, nominee, prime broker, clearinghouse or trustee on behalf of another person shall not be subject to this Order with respect to that particular sale, acquisition or other transfer; provided, however, that a trustee of a trust qualified under Section 401(a) of the IRC, and the customer or principal of such broker, custodian, nominee, prime broker, clearinghouse or trustee, shall not be excluded from this Order by reason of this paragraph.

4.     Notwithstanding the definition of "beneficial ownership" in Exhibit A hereto, sales, acquisitions or other transfers of claims against or equity securities in and of a Debtor by a person or entity acting as a discretionary account manager or manager for one or more accounts, customers, regulated investment company or mutual fund shall not be subject to

*Approved by Judge Donald H. Steckroth January  15, 2009*

(Page 4)

| | |
|---|---|
| Debtors: | TARRAGON CORPORATION, *et al.* |
| Case No. | 09-10555 (DHS) |
| Caption of Order: | INTERIM ORDER PURSUANT TO SECTIONS 105(a), 362(a)(3) AND 541 OF THE BANKRUPTCY CODE (A) LIMITING CERTAIN TRANSFERS OF EQUITY INTERESTS OF THE DEBTORS AND CLAIMS AGAINST THE DEBTORS AND (B) APPROVING RELATED NOTICE PROCEDURES |

this Order with respect to a sale, acquisition or other transfer and such persons or entities acting in such capacity shall not be considered a "Substantial Claimholder"; provided, however, that an account manager's individual customer, individual account holder, single regulated investment company or single mutual fund shall not be excluded from this Order by reason of this paragraph.

5.      The trustee of any trust, any Indenture Trustee, Owner Trustee or transfer agent, in each case for any bonds, debentures, pass-through certificates or other debt securities (collectively, "Debt Securities") (i) issued by the Debtor(s), (ii) issued by any governmental or quasi-governmental authority for the benefit of the Debtor(s) or (iii) secured by assets of the Debtors or agreements with respect to such assets shall not be subject to this Order to the extent such trustee or transfer agent complies with the terms of the governing documents with respect to any transfer of any such Debt Securities; provided, however, that the beneficial owners of such trust shall not be excluded from this Order by reason of this paragraph.

6.      Any transactions executed in violation of this Order and the procedures set forth in Exhibit A hereto including any acquisition or other transfer of equity securities in or of the Debtors or claims against the Debtors in violation of this Order and the procedures set forth in Exhibit A shall be null and void ab initio as a violation of the automatic stay prescribed in 11 U.S.C. §§ 362 and 105(a) and shall confer no rights on the transferee.  In addition, the Court may

*Approved by Judge Donald H. Steckroth January  15, 2009*

(Page 5)

| | |
|---|---|
| Debtors: | TARRAGON CORPORATION, *et al.* |
| Case No. | 09-10555 (DHS) |
| Caption of Order: | INTERIM ORDER PURSUANT TO SECTIONS 105(a), 362(a)(3) AND 541 OF THE BANKRUPTCY CODE (A) LIMITING CERTAIN TRANSFERS OF EQUITY INTERESTS OF THE DEBTORS AND CLAIMS AGAINST THE DEBTORS AND (B) APPROVING RELATED NOTICE PROCEDURES |

impose sanctions, forfeiture and such other remedies the Court deems appropriate for any such violation.

      7.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Order shall become immediately effective and enforceable.

      8.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

      9.    A hearing to consider the entry of a final Order shall be scheduled for February 20, 2009 at 10:00 a.m. (the "Final Hearing Date"). Objections, if any, to the entry of a final order must be filed so as to be received by counsel to the Debtors no later than seven (7) days prior to the Final Hearing Date.

      10.    The Debtors' proposed counsel shall served copies of this Order within seven (7) days hereof.

*Approved by Judge Donald H. Steckroth January  15, 2009*

## EXHIBIT A

1. <u>Notice Procedure for Trading in Equity Securities of the Debtors</u>

(a) <u>Notice of Substantial Equityholder Status</u>. Any person or entity who currently or in the future Beneficially Owns (as defined in paragraph (i) below) at least 1,304,448 shares (representing approximately 4.5% of all issued and outstanding shares on a fully diluted basis) of the common stock of the Debtors (a "Substantial Equityholder") shall file with the Court and serve upon the Debtors' counsel a notice of such status in the form attached hereto as **Exhibit 1A** on or before the date that is the later of: (A) forty (40) days after the entry of the Order or (B) ten (10) days after such person or entity becomes a Substantial Equityholder.

(i) <u>Beneficial Ownership</u>. For purposes of the Order, "Beneficial Ownership" of an "equity security" or "claim" (as such terms are defined in Section 101 of the Bankruptcy Code) includes:

(1) direct and indirect ownership by a holder (<u>e.g.</u>, a holding company would be considered to "beneficially own" all equity interests or claims, as the case may be, owned or acquired by its subsidiaries);

(2) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of an equity interest or claim, as the case may be; and

(3) ownership of an equity interest or claim, as the case may be, that such holder has a right to acquire through the ownership of an option, a contingent purchase right, a warrant, convertible debt or equity, a put, an equity interest or claim, as the case may be, subject to risk of forfeiture, or a contract to acquire an equity interest or claim, regardless of whether such interest or right to acquire is contingent or otherwise not currently exercisable (each such right or interest to acquire, an "Option").

(b) <u>Acquisition of Equity Securities</u>. Prior to effecting any acquisition of the Debtors' equity securities (including the acquisition of Options to acquire the Debtors' equity securities) that would result in an increase in the amount of the Debtors' equity securities Beneficially Owned by a Substantial Equityholder or would result in a person or entity becoming a Substantial Equityholder including without limitation a margin call or similar transaction of the stock of a Substantial Equityholder (a "Proposed Equity Acquisition Transaction"), such person, entity or Substantial Equityholder (a 'Proposed Equity Transferee") shall file with the Court

*Approved by Judge Donald H. Steckroth January  15, 2009*

and serve on the Debtors' counsel a Notice of Intent to Purchase, Acquire or Otherwise Accumulate an Equity Interest (an "Equity Acquisition Notice"), in the form attached hereto as **Exhibit 1B**, specifically and in detail describing the intended transaction acquiring the Debtors' equity securities,

(c)     Disposition of Equity Securities.  Prior to effecting any disposition of the Debtors' equity securities (including the disposition of Options to acquire the Debtors' equity securities) that would result in a decrease in the amount of the Debtors' equity securities Beneficially Owned by a Substantial Equityholder, that would result in a person or entity ceasing to be a Substantial Equityholder including without limitation a margin call or similar transaction of stock of a Substantial Equityholder (a "Proposed Equity Disposition Transaction"), such person, entity or Substantial Equityholder (a "Proposed Equity Transferor") shall file with the Court and serve on the Debtors' counsel a Notice of Intent to Sell, Trade or Otherwise Transfer an Equity Interest (an "Equity Disposition Notice"), in the form attached hereto as **Exhibit 1C**, specifically and in detail describing the intended transaction disposing of the Debtors' equity securities,

(d)     Objection Procedures.  No later than the date that is fifteen (15) calendar days after the Debtors' actual receipt of an Equity Acquisition Notice or an Equity Disposition Notice, as the case may be (the "Equity Objection Deadline"), the Debtors may file with the Court and serve on a Proposed Equity Transferor or a Proposed Equity Transferee, as the case may be, an objection to any proposed transfer of the Debtors' equity securities described in an Equity Acquisition Notice or an Equity Disposition Notice, as the case may be, on the grounds that such transfer would adversely affect the Debtors' ability to utilize their NOLs (an "Equity Objection").

(i)     If the Debtors timely file an Equity Objection by the Equity Objection Deadline, the Proposed Equity Acquisition Transaction or Proposed Equity Disposition Transaction, as the case may be, shall not be effective unless approved by an order of this Court, after notice and a hearing, and such order is not subject to appeal, stay, modification, or reconsideration.

(ii)     If the Debtors do not timely file an Equity Objection by the Equity Objection Deadline, the Proposed Equity Acquisition Transaction or Proposed Equity Disposition Transaction, as the case may be, may proceed only as specifically described in an Equity Acquisition Notice or Equity Disposition Notice, as the case maybe.

2

*Approved by Judge Donald H. Steckroth January  15, 2009*

(iii)    Any further transactions beyond the scope of the Equity Acquisition Notice or Equity Disposition Notice, as the case may be, must separately follow the notice procedure as set forth herein.

2.    <u>Notice Procedure for Transfers of Claims</u>

(a)    <u>Notice of Substantial Claimholder Status</u>.  Any person or entity who currently or in the future Beneficially Owns (as defined in ¶ 1(a)(i) above) an aggregate principal amount of claims against the Debtors equal to or exceeding $7,500,000.00 (4.5% of fixed amount of debt) or any controlled entity through which such person or entity Beneficially Owns an indirect interest in such claims against the Debtors shall file with the Court, and serve upon the Debtors' counsel, a notice of such status, in the form attached hereto as **Exhibit 2A**, on or before the date that is the later of: (A) the date that is forty (40) days after the entry of the Order or (B) the date that is ten (10) days after becoming a Substantial Claimholder.

(b)    <u>Acquisition of Claims</u>.  Prior to effecting any acquisition of claims against the Debtors that would result in an increase in the aggregate principal amount of such claims Beneficially Owned by a Substantial Claimholder or would result in a person or entity becoming a Substantial Claimholder (a "Proposed Claims Acquisition Transaction"), such person, entity or Substantial Claimholder (a "Proposed Claims Transferee") shall file with the Court, and serve on the Debtors' counsel a Notice of Intent to Purchase, Acquire or Otherwise Accumulate a Claim (a "Claims Acquisition Notice"), in the form attached hereto as **Exhibit 2B**, specifically and in detail describing the intended acquisition of claims against the Debtors, regardless of whether such acquisition would also be subject to the filing, notice and hearing requirements of Federal Rule of Bankruptcy Procedure 3001.

(c)    <u>Disposition of Claims</u>.  Prior to effecting any disposition of claims against the Debtors that would result in a decrease in the aggregate principal amount of such claims Beneficially Owned by a Substantial Claimholder or would result in a person or entity ceasing to be a Substantial Claimholder (a "Proposed Claims Disposition Transaction"), such person, entity or Substantial Claimholder (a "Proposed Claims Transferor") shall file with the Court, and serve on the Debtors' counsel a Notice of Intent to Sell, Trade or Otherwise Transfer a Claim (a "Claims Disposition Notice"), in the form attached hereto as **Exhibit 2C**, specifically and in detail describing the intended disposition of claims against the Debtors, regardless of whether such disposition would also be subject to the filing, notice and hearing requirements of Federal Rule of Bankruptcy Procedure 3001.

(d)    <u>Objection Procedures</u>.  No later than the date that is fifteen (15) calendar days after the Debtors' actual receipt of a Claims Acquisition Notice or a

3

*Approved by Judge Donald H. Steckroth January  15, 2009*

Claims Disposition Notice, as the case may be (the "Claim Objection Deadline"), the Debtors may file with the Court and serve on a Proposed Claims Transferor or Proposed Claims Transferee, as the case may be, an objection to any proposed transfer of claims described in a Claims Acquisition Notice or Claims Disposition Notice, as the case may be, on the grounds that such transfer would adversely affect the Debtors' ability to utilize their NOLs (a "Claim Objection").

(i)     If the Debtors timely file a Claim Objection by the Claim Objection Deadline, the Proposed Claims Acquisition Transaction or Proposed Claims Disposition Transaction, as the case may be, shall not be effective unless approved by an order of this Court, after notice and a hearing, and such order is not subject to appeal, stay, modification, or reconsideration.

(ii)    If the Debtors do not timely file a Claim Objection by the Claim Objection Deadline, the Proposed Claims Acquisition Transaction or Proposed Claims Disposition Transaction, as the case may be, may proceed only as specifically set forth in a Claims Acquisition Notice or Claims Disposition Notice, as the case may be.

(iii)   Any further transactions beyond the scope of a Claims Acquisition Notice or Claims Disposition Notice, as the case may be, must separately follow the notice procedure as set forth herein.

3.    <u>Other Notice Procedures</u>

(a)    <u>Service of Procedures Notice</u>.  Following entry of the Order, the Debtors shall deliver a copy of the Notice of (A) notification procedures applicable to substantial holders of claims and equity securities and (B) notification and hearing procedures for trading in claims and equity securities (the "Notice of Notification Procedures") (a copy of which is attached hereto as <u>Exhibit 3</u>) to the following entities.

(i)     the Office of the United States Trustee

(ii)    any official statutory committee appointed in these Chapter 11 Cases;

(iii)   counsel for the Debtors' debtor-in-possession lender;

(iv)    entities that are recipients of the notice of commencement of these Chapter 11 Cases;

(v)     the indenture trustees and transfer agents for all classes of equity securities of the Debtors and all bonds or debentures of the Debtors;

4

*Approved by Judge Donald H. Steckroth January  15, 2009*

(vi)  all parties having contingent claims against Tarragon Corp. on account of recourse guarantees;

(vii)  all parties who file notices of transfers of claims under Federal Rule of Bankruptcy Procedure 3001 (e)(i);

(viii)  all entities who file notice of appearance and request service of papers pursuant to Bankruptcy Rule 2002; and

(ix)  those entities who are generally known in the financial services industry as entities in the business of buying and selling bankruptcy claims.

(b)  The Notice of Notification Procedures shall inform all recipients thereof how to obtain copies of these Notice Procedures and the relevant notices described herein.

(c)  Upon receipt of the Notice of Notification Procedures, any indenture trustee(s) or transfer agent(s) for any equity securities of the Debtors and any bonds or debentures of the Debtors shall within 10 days of receipt and thereafter at least once every three (3) months during the pendency of these Chapter 11 Cases, deliver the Notice of Notification Procedures to all holders of such bonds, debentures or equity securities registered with such indenture trustee or transfer agent.

(i)  Any such registered holder shall, in turn, deliver a copy of the Notice of Notification Procedures to any holder for whose account such registered holder holds such bonds, debentures or equity securities, and so on down the chain of ownership.

(ii)  Any person or entity in their individual capacity (a "Prospective Seller"), and any broker or agent acting on behalf of a Prospective Seller, who contemplates selling (A) claims against the Debtors in the aggregate principal amount of at least $1,500,000.00 or (B) 130,444 shares of equity securities of the Debtors to another person or entity (a "Prospective Purchaser") must provide a Copy of the Notice of Notification Procedures to each Prospective Purchaser or any broker or agent acting on behalf of a Prospective Purchaser.

(iii)  The transfer agent shall not process any proposed transfer of securities which, if consummated, would violate the Notice of Notification Procedures.

(d)  The Debtors shall publish the Notice of Notification Procedures in the domestic editions of the *Wall Street Journal*.

5

*Approved by Judge Donald H. Steckroth January 15, 2009*

4.      Any acquisition or disposition or other transfer of equity securities in or of the Debtors or claims against the Debtors in violation of the procedures set forth herein shall be null and void <u>ab initio</u> as an act in violation of the automatic stay prescribed in 11 U.S.C. §§ 362 and 105(a) and shall confer no rights on the transferee.

5.      The requirements set forth in these Notice Procedures are in addition to the requirements of Federal Rule of Bankruptcy Procedure 3001(c) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

38590/0031-5160292v4

*Approved by Judge Donald H. Steckroth January  15, 2009*

**EXHIBIT 1A**

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
Proposed Attorneys for Tarragon Corporation, *et al.*,
Debtors-in-Possession

<table>
<tr><td></td><td>UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HONORABLE DONALD H. STECKROTH<br>CASE NO. 09-10555 (DHS)</td></tr>
<tr><td>In re:<br><br>TARRAGON CORPORATION, *et al.*,[1]<br><br>              Debtors-in-Possession.</td><td>Chapter 11<br>(Jointly Administered)<br><br>**NOTICE OF STATUS AS A**<br>**SUBSTANTIAL EQUITYHOLDER**</td></tr>
</table>

      PLEASE TAKE NOTICE that [name of equityholder] is/has become a Substantial Equityholder[2] with respect to the equity securities (the "Equity Securities") of [name of Debtor(s)], a debtor and debtor in possession in Case No. 09-10555 pending in the United States Bankruptcy Court for the District of New Jersey.

---

      [1] The Debtors are Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon L.L.C., Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park Development East LLC, Vista Lakes Tarragon, LLC, Murfreesboro Gateway Properties, LLC and Tarragon Stonecrest, LLC.

      [2] For purposes of this Notice, all capitalized terms not defined herein shall have the same meaning as is set forth in the Interim Order of this Court pursuant to Sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code (a) limiting certain transfers of equity interests in the Debtors and claims against the Debtors and (b) approving related notice procedures.

*Approved by Judge Donald H. Steckroth January  15, 2009*

PLEASE TAKE FURTHER NOTICE that, as of [date], [name of equityholder] Beneficially Owns [ _____ ] shares of the Equity Securities of [name of Debtor(s)]. The following table sets forth the date(s) on which [name of equityholder] acquired or otherwise became the Beneficial Owner of such Equity Securities:

| Number of Shares | Type of Equity Security | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of [name of equityholder] is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [name of equityholder] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete.

38590/0031-5157097v2 January 14, 2009

*Approved by Judge Donald H. Steckroth January  15, 2009*

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order of this Court approving Notice Procedures Relating to Certain Transfers of Equity Interests in and of the Debtors and Claims Against the Debtors, this Notice is being (A) filed with the United States Bankruptcy Court for the District of New Jersey, and (B) served upon Cole, Schotz, Meisel, Forman & Leonard, P.A., counsel to the Debtors, 25 Main Street, Hackensack, New Jersey 07602, Attn.: Gerald H. Gline, Esq.

Dated:
[city, state]

                                        Respectfully submitted,


                                        [Name of Acquirer/Seller][Address]
                                        [Telephone and facsimile]

38590/0031-5157097v2 January 14, 2009

*Approved by Judge Donald H. Steckroth January  15, 2009*

**EXHIBIT 1B**

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
Proposed Attorneys for Tarragon Corporation, *et al.*,
Debtors-in-Possession

|  |  |
|---|---|
|  | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY HONORABLE DONALD H. STECKROTH CASE NO. 09-10555 (DHS) |
| In re:<br><br>TARRAGON CORPORATION, *et al.*, [1]<br><br>      Debtors-in-Possession. | Chapter 11<br>(Jointly Administered)<br><br>**NOTICE OF INTENT TO PURCHASE, ACQUIRE OR OTHERWISE ACCUMULATE AN EQUITY INTEREST** |

       PLEASE TAKE NOTICE that [name of prospective acquirer] hereby provides notice of its intention to purchase, acquire or otherwise accumulate one or more shares of the equity securities (the "Equity Securities") of [name of Debtor] or an Option with respect thereto (the "Proposed Transfer").

---

      [1] The Debtors are Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon L.L.C., Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park Development East LLC, Vista Lakes Tarragon, LLC, Murfreesboro Gateway Properties, LLC and Tarragon Stonecrest, LLC.

*Approved by Judge Donald H. Steckroth January 15, 2009*

PLEASE TAKE FURTHER NOTICE that, if applicable, on [prior date(s)]. [name of prospective acquirer] filed a Notice of Status as a Substantial Equityholder[2] with the Court and served copies thereof on the Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that [name of prospective acquirer] currently Beneficially Owns _____ shares of the Equity Securities (type of Equity Security) of [name of Debtor].

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, [name of prospective acquirer] proposes to purchase, acquire or otherwise accumulate [_____] shares of Equity Securities or an Option with respect to [_____] shares of Equity Securities. If the Proposed Transfer is permitted to occur, [name of prospective acquirer] will Beneficially Own [_____] shares of Equity Securities after the transfer.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of [name of prospective acquirer] is _____

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [name of prospective acquirer] hereby declares it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order of this Court approving Notice Procedures Relating to Certain Transfers of Equity Interests in and of the Debtors and Claims Against the Debtors, this Notice is being (A) filed with the United States Bankruptcy Court for the District of New Jersey, and (B) served upon Cole, Schotz, Meisel, Forman & Leonard, P.A.. counsel to the Debtors, 25 Main Street, Hackensack, New Jersey 07602, Attn.: Gerald H. Gline, Esq.

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by an order of the Court not subject to appeal, modification, stay, or reconsideration.  If the Debtors do not object within such fifteen (15) day period, then after expiration of such period the Proposed Transfer may proceed specifically as set forth in the Notice.

---

[2] For purposes of this Notice, all capitalized terms not defined herein shall have the same meaning as is set forth in the Interim Order of this Court pursuant to Sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code (a) limiting certain transfers of equity interests in the Debtors and claims against the Debtors and (b) approving related notice procedures.

2

*Approved by Judge Donald H. Steckroth January  15, 2009*

The undersigned prospective acquirer understands that any further transactions that may result in [name of prospective acquirer] purchasing, acquiring or otherwise accumulating additional shares of Equity Securities (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Dated:
[City, State]

Respectfully submitted,


[Name of Acquirer/Seller][Address]
[Telephone and facsimile]

3

*Approved by Judge Donald H. Steckroth January 15, 2009*

**EXHIBIT 1C**

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
Proposed Attorneys for Tarragon Corporation, *et al.*,
Debtors-in-Possession

|  |  |
|---|---|
|  | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY HONORABLE DONALD H. STECKROTH CASE NO. 09-10555 (DHS) |
| In re:<br><br>TARRAGON CORPORATION, *et al.*,[1]<br><br>            Debtors-in-Possession. | Chapter 11<br>(Jointly Administered)<br><br>**NOTICE OF INTENT TO SELL, TRADE OR OTHERWISE TRANSFER AN EQUITY INTEREST** |

      PLEASE TAKE NOTICE that [name of prospective acquirer] hereby provides notice of its intention to sell, trade or otherwise transfer one or more shares of the equity securities (the "Equity Securities") of [name of Debtor] or an Option with respect thereto (the "Proposed Transfer").

---

      [1] The Debtors are Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon L.L.C., Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park Development East LLC, Vista Lakes Tarragon, LLC, Murfreesboro Gateway Properties, LLC and Tarragon Stonecrest, LLC.

*Approved by Judge Donald H. Steckroth January  15, 2009*

PLEASE TAKE FURTHER NOTICE that, if applicable, on [prior date(s)]. [name of prospective acquirer] filed a Notice of Status as a Substantial Equityholder[2] with the Court and served copies thereof on [he Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that [name of prospective acquirer] currently Beneficially Owns _____ shares of the Equity Securities (type of Equity Security) of [name of Debtor].

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, [name of prospective seller] proposes to sell, trade or otherwise transfer [_____] shares of Equity Securities or an Option with respect to [_____] shares of Equity Securities.  If the Proposed Transfer is permitted to occur, [name of prospective seller] will Beneficially Own [_____] shares of Equity Securities after the transfer.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of [name of prospective acquirer] is _____

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [name of prospective seller] hereby declares it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order of this Court approving Notice Procedures Relating to Certain Transfers of Equity Interests in and of the Debtors and Claims Against the Debtors, this Notice is being (A) filed with the United States Bankruptcy Court for the District of New Jersey, and (B) served upon Cole, Schotz, Meisel, Forman & Leonard, P.A. counsel to the Debtors, 25 Main Street, Hackensack, New Jersey 07602, Attn.: Gerald H. Gline, Esq.

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by an order of the Court not subject to appeal, modification, stay, or reconsideration. If the Debtors do not object within such fifteen (15) day period, then after expiration of such period the Proposed Transfer may proceed specifically as set forth in the Notice.

---

[2] For purposes of this Notice, all capitalized terms not defined herein shall have the same meaning as is set forth in the Interim Order of this Court pursuant to Sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code (a) limiting certain transfers of equity interests in the Debtors and claims against the Debtors and (b) approving related notice procedures.

2

*Approved by Judge Donald H. Steckroth January  15, 2009*

[Name of prospective seller] understands that any further transactions that may result in [name of prospective seller] selling, trading or otherwise transferring shares of Equity Securities (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Dated:
[City, State]

Respectfully submitted,


[Name of Acquirer/Seller][Address]
[Telephone and facsimile]

38590/0031-5157105v3 January 14, 2009

*Approved by Judge Donald H. Steckroth January  15, 2009*

**EXHIBIT 2A**

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
Proposed Attorneys for Tarragon Corporation, *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
HONORABLE DONALD H. STECKROTH
CASE NO. 09-10555 (DHS)

|  |  |
|---|---|
| In re:<br><br>TARRAGON CORPORATION, *et al.*,<br><br>          Debtors-in-Possession. | Chapter 11<br>(Jointly Administered)<br><br>**NOTICE OF STATUS AS A**<br>**SUBSTANTIAL CLAIMHOLDER** |

PLEASE TAKE NOTICE that [name of claimholder] is/has become a Substantial Claimholder[1] with respect to claims against Tarragon Corporation *et al.* (collectively, the

---

[1] For purposes of this Notice: (A) a "Substantial Claimholder" is any person or entity who currently or in the future "Beneficially Owns" an aggregate principal amount of claims against the Debtors equal to or exceeding $7,500,000.00 or any controlled entity through which such person or entity "Beneficially Owns" an indirect interest in such claims against the Debtors; (B) "Beneficial Ownership" of claims includes direct and indirect ownership (e.g., a holding company would be considered to "Beneficially Own" all claims owned or acquired by its subsidiaries), ownership by family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of claims, and ownership of claims that such holder has an Option to acquire; and (C) an "Option" to acquire claims includes any contingent purchase right, convertible debt or equity, put, a claim subject to risk of forfeiture, or a contract to acquire a claim(s) or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

*Approved by Judge Donald H. Steckroth January  15, 2009*

"Debtors"), [2] debtors and debtors-in-possession in Case No. 09-10555, pending in the United States Bankruptcy Court for the District of New Jersey.

PLEASE TAKE FURTHER NOTICE that, as of [date], [name of claimholder] Beneficially Owns claims in the aggregate principal amount of $_____ against the Debtors. The following table sets forth the name of the Debtor issuer, a summary of the terms, and the date on which [name of claimholder] acquired or otherwise became the Beneficial Owner of each such Claim:

| Debtor Issuer | Terms | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of [name of claimholder] is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [name of claimholder] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order of this Court approving Notice Procedures Relating to Certain Transfers of Equity Interests in and of the Debtors and Claims Against the Debtors, this Notice is being (A) filed with the United States Bankruptcy Court for the District of New Jersey, and (B) served upon Cole, Schotz, Meisel, Forman & Leonard, P.A., counsel to the Debtors, 25 Main Street, Hackensack, New Jersey 07602, Attn.: Gerald H. Gline, Esq.

---

[2] The Debtors are Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon L.L.C., Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park Development East LLC, Vista Lakes Tarragon, LLC, Murfreesboro Gateway Properties LLC and Tarragon Stonecrest LLC.

38590/0031-5157107v2 January 14, 2009

*Approved by Judge Donald H. Steckroth January  15, 2009*

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Dated:
[City, State]

Respectfully submitted,

[Name of Acquirer/Seller][Address]
[Telephone and facsimile]

3

*Approved by Judge Donald H. Steckroth January 15, 2009*

**EXHIBIT 2B**

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
Proposed Attorneys for Tarragon Corporation, *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
HONORABLE DONALD H. STECKROTH
CASE NO. 09-10555

In re:

TARRAGON CORPORATION, *et al.*,[1]

Debtors-in-Possession.

Chapter 11
(Jointly Administered)

**NOTICE OF INTENT TO PURCHASE,
ACQUIRE OR OTHERWISE
ACCUMULATE A CLAIM**

PLEASE TAKE NOTICE that [name of acquirer/seller] hereby provides notice of its intention to purchase, acquire or otherwise accumulate a claim or claim(s) against the Debtors (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE that, if applicable, on [prior date(s)], [name of prospective acquirer] filed a Notice of Status as a Substantial Claimholder [2] with the Court and served copies thereof on the Debtors' counsel.

---

[1] The Debtors are Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon L.L.C., Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park Development East LLC, Vista Lakes Tarragon, LLC, Murfreesboro Gateway Properties, LLC and Tarragon Stonecrest, LLC.

*Approved by Judge Donald H. Steckroth January  15, 2009*

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, [name or prospective acquirer] proposes to purchase, acquire or otherwise accumulate claims against [name of Debtor issuer] in the aggregate principal amount of $_____ .  If the Proposed Transfer is permitted to occur, [name of prospective acquirer] will Beneficially Own claims against the Debtors in the aggregate principal amount of $_____ after the transfer.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of [name of prospective acquirer is _____

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [name of prospective acquirer] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order of this Court approving Notice Procedures Relating to Certain Transfers of Equity Interests in and of the Debtors and Claims Against the Debtors, this Notice is being (A) filed with the United States Bankruptcy Court for the District of New Jersey, and (B) served upon Cole, Schotz, Meisel, Forman & Leonard, P.A., counsel to the Debtors, 25 Main Street, Hackensack, New Jersey 07602, Attn.: Gerald H. Gline, Esq,

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) days from receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by an order of the Court not subject to appeal, modification, stay, or reconsideration.  If the Debtors do no object within such fifteen (15) day period, then after the expiration of such period the Proposed Transfer may proceed specifically as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in [name of prospective acquirer] purchasing, acquiring or otherwise accumulating additional claims against the Debtors will each require an additional notice filed with the Court to be served in the same manner as this Notice.

---

[2] For purposes of this Order: (A) a "Substantial Claimholder" is any person or entity who currently or in the future "Beneficially Owns" an aggregate principal amount of claims against the Debtors equal to or exceeding $7,500,000.00 or any controlled entity through which such person or entity "Beneficially Owns" an indirect interest in such claims against the Debtors, (B) "Beneficial Ownership" of claims includes direct and indirect ownership (e.g., a holding company would be considered to "Beneficially Own" all claims owned or acquired by its subsidiaries), ownership by family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of claims, and ownership of claims that such holder has an Option to acquire; and (C) an "Option" to acquire claims includes any contingent purchase right, convertible debt or equity, put, a claim subject to risk of forfeiture, or a contract to acquire a claim(s) or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

38590/0031-5157109v2 January 14, 2009

*Approved by Judge Donald H. Steckroth January  15, 2009*

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(c) of the Federal Rules of Bankruptcy Procedure.

Dated:
[City, State]

Respectfully submitted,

[Name of Acquirer/Seller][Address]
[Telephone and facsimile]

3

*Approved by Judge Donald H. Steckroth January  15, 2009*

**EXHIBIT 2C**

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
Proposed Attorneys for Tarragon Corporation, *et al*.,
Debtors-in-Possession

<table>
<tr><td></td><td>UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HONORABLE DONALD H. STECKROTH<br>CASE NO. 09-10555</td></tr>
<tr><td>In re:<br><br>TARRAGON CORPORATION, <i>et al</i>.,[1]<br><br>        Debtors-in-Possession.</td><td>Chapter 11<br>(Jointly Administered)<br><br><b>NOTICE OF INTENT TO SELL, TRADE<br>OR OTHERWISE TRANSFER A CLAIM</b></td></tr>
</table>

     PLEASE TAKE NOTICE that [name of prospective seller] hereby provides notice of its intention to sell, trade or otherwise transfer a claim or claim(s) against the Debtors (the "Proposed Transfer").

     PLEASE TAKE FURTHER NOTICE that, if applicable, on [prior date(s)], [name of prospective seller] filed a Notice of Status as a Substantial Claimholder [2] with the Court and served copies thereof on the Debtors' counsel.

---

     [1] The Debtors are Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon L.L.C., Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park Development East LLC, Vista Lakes Tarragon, LLC, Murfreesboro Gateway Properties, LLC and Tarragon Stonecrest LLC.

*Approved by Judge Donald H. Steckroth January 15, 2009*

PLEASE TAKE FURTHER NOTICE that, [name of prospective seller] currently Beneficially Owns claims against the Debtors in the aggregate principal amount of $_____.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, [name or prospective seller] proposes to sell, trade, or otherwise transfer claims against [name of Debtor issuer] in the aggregate principal amount of $_____ .  If the Proposed Transfer is permitted to occur, [name of prospective seller] will Beneficially Own claims against the Debtors in the aggregate principal amount of $_____ after the transfer.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of [name of prospective seller is _____

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [name of prospective seller] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order of this Court approving Notice Procedures Relating to Certain Transfers of Equity Interests in and of the Debtors and Claims Against the Debtors, this Notice is being (A) filed with the United States Bankruptcy Court for the District of New Jersey, and (B) served upon Cole, Schotz, Meisel, Forman & Leonard, P.A., counsel to the Debtors, 25 Main Street, Hackensack, New Jersey, Attn.: Gerald H. Gline, Esq.,

PLEASE TAKE FURTHER NOTICE that the Debtors have fifteen (15) days from receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by an order of the Court not subject to appeal, modification, stay, or reconsideration. If the Debtors do no object within such fifteen (15) day period, then after the expiration of such period the Proposed Transfer may proceed specifically as set forth in the Notice.

---

[2] For purposes of this Order: (A) a "Substantial Claimholder" is any person or entity who currently or in the future "Beneficially Owns" an aggregate principal amount of claims against the Debtors equal to or exceeding $7,500,000.00 or any controlled entity through which such person or entity "Beneficially Owns" an indirect interest in such claims against the Debtors, (B) "Beneficial Ownership" of claims includes direct and indirect ownership (e.g., a holding company would be considered to "Beneficially Own" all claims owned or acquired by its subsidiaries), ownership by family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of claims, and ownership of claims that such holder has an Option to acquire; and (C) an 'Option" to acquire claims includes any contingent purchase right, convertible debt or equity, put, a claim subject to risk of forfeiture, or a contract to acquire a claim(s) or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

2

*Approved by Judge Donald H. Steckroth January  15, 2009*

[Name of prospective seller] understands that any further transactions that may result in [name of prospective seller] selling, trading or otherwise transferring claims against the Debtors will each require an additional notice filed with the Court to be served in the same manner as this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

Dated:
[City, State]

Respectfully submitted,

[Name of Acquirer/Seller][Address]
[Telephone and facsimile]

3

*Approved by Judge Donald H. Steckroth January  15, 2009*

**EXHIBIT 3**

**COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
Proposed Attorneys for Tarragon Corporation, *et al*.,
Debtors-in-Possession

|  |  |
|---|---|
| | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY HONORABLE DONALD H. STECKROTH CASE NO. 09-10555 |
| In re:<br><br>TARRAGON CORPORATION, *et al*., [1]<br><br>    Debtors-in-Possession. | Chapter 11<br>(Jointly Administered)<br><br>**NOTICE OF (A) NOTIFICATION PROCEDURES APPLICABLE TO SUBSTANTIAL HOLDERS OF CLAIMS AND EQUITY SECURITIES AND (B) NOTIFICATION AND HEARING PROCEDURES FOR TRADING IN CLAIMS AND EQUITY SECURITIES** |

       PLEASE TAKE NOTICE that on January 12, 2009 and January 13, 2009 (the "Petition Date"), the Debtors commenced cases under Chapter 11 of Title 11 of the United States Code as amended from time to time (the "Bankruptcy Code").

---

      [1] The Debtors are Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon L.L.C., Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park Development East LLC, Vista Lakes Tarragon, LLC, Murfreesboro Gateway Properties, and Tarragon Stonecrest, LLC.

*Approved by Judge Donald H. Steckroth January  15, 2009*

PLEASE TAKE FURTHER NOTICE that on _____, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order (the "Order") approving the procedures set forth in Exhibit A to the Motion (the "Notice Procedures") to preserve the Debtors' net operating losses ("NOLs"). Any sale or other transfer of claims against or equity securities in the Debtors in violation of the Notice Procedures shall be null and void *ab initio* and shall confer no rights on the transferee.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the Notice Procedures shall apply to holding, acquiring and disposing, and any other transfers of CLAIMS AGAINST AND EQUITY SECURITIES IN AND OF THE DEBTORS.

PLEASE TAKE FURTHER NOTICE that any person or entity may obtain a copy of the Order, the Notice Procedures and the forms of each of the required notices described therein by contacting the Debtors' counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A., 25 Main Street, Hackensack, New Jersey 07602, (201) 525-6351 (Attn: Gerald. H. Gline)

**ANY PROHIBITED ACQUISITION, DISPOSITION, OR OTHER TRANSFER OF CLAIMS AGAINST OR EQUITY SECURITIES IN OR OF THE DEBTORS IN VIOLATION OF THE ORDER WILL BE NULL AND VOID AND MAY RESULT IN THE IMPOSITION OF SANCTIONS BY THE BANKRUPTCY COURT.**

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Rule 300l(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith.

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Proposed Attorneys for Tarragon Corporation, *et al.*, Debtors-in-Possession

January ___, 2009                    _____

2

*Approved by Judge Donald H. Steckroth January 15, 2009*