**FORMAN HOLT ELIADES & RAVIN LLC**
80 Route 4 East, Suite 290
Paramus, New Jersey 07652
(201) 845-1000
Harry M. Gutfleish (HMG-6483)

**PATTERSON BELKNAP WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, NY  10036-6710
(212) 336-2000
Daniel A. Lowenthal (admission *pro hac vice* pending)
Brian P. Guiney (admission *pro hac vice* pending)

*Proposed Co-Counsel for the Official Committee of
Unsecured Creditors*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| In re:<br><br>TARRAGON CORPORATION, et al.,<br><br>                                     Debtors. | Chapter 11<br>Case No. 09-10555 (DHS)<br>Jointly Administered |

**APPLICATION FOR ORDER AUTHORIZING THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS TO RETAIN FORMAN HOLT ELIADES
& RAVIN LLC AS ITS CO-COUNSEL**

The Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee"), through its chairperson, Howard D. Altschul, submits this application for the entry of an Order authorizing the Committee to retain Forman Holt Eliades & Ravin LLC as its co-counsel in these cases.

1.       On January 12, 2009, January 13, 2009, and February 5, 2009 (collectively, the "Petition Date"), Tarragon Corporation and various related debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States (the "Bankruptcy Code").

2. Since the Petition Date, the Debtors have remained in possession of their assets and continued management of their businesses as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

3. On February 4, 2009, the Office of the United States Trustee appointed Taberna Capital Management, LLC, A.J.D. Construction Co., Inc., K. Langford Lawn Care Inc., Sovor Associates and Posner Advertising to serve on the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code.

4. Also on February 4, 2009, the Committee voted to retain Patterson Belknap Webb & Tyler LLP ("PBWT") as its bankruptcy counsel in these cases.[1]

5. The Committee now requests that the Court authorize it to retain Forman Holt Eliades & Ravin LLC as it co-counsel in these cases under section 1103(a) of the Bankruptcy Code.

6. The Committee has selected Forman Holt Eliades & Ravin LLC because of the firm's considerable experience in the bankruptcy and insolvency field, including but not limited to chapter 11 reorganization proceedings and representing creditors' committees in such proceedings.

7. The Committee also has chosen Forman Holt Eliades & Ravin LLC because it believes that having counsel with an office in this district will enable the Committee to fulfill its duties as efficiently and economically as practicable.

8. The professional services that Forman Holt Eliades & Ravin LLC will render to the Committee in these cases include, but are not limited to:

A. advising the Committee with respect to its rights and duties;

B. preparing, filing and serving all applications, motions, complaints, answers, orders,

---

[1] The Committee seeks authority to retain PBWT by a separate application filed concurrently with this application.

2

    reports, all other pleading pleadings and documents on the Committee's behalf;

  C. appearing before this Court and other officials and tribunals, if necessary, on the Committee's behalf; and

  D. performing such other legal services for the Committee that are necessary and appropriate.

  9. Forman Holt Eliades & Ravin LLC will seek compensation for the services rendered and to be rendered in accordance with sections 330 and 331 of the Bankruptcy Code, applicable local rules of the Court and all applicable Orders entered by the Court, at its ordinary billing rates and in accordance with its customary billing practices with respect to other charges and expenses. Forman Holt Eliades & Ravin LLC's current billing rates are set forth in the Certification of Harry M. Gutfleish submitted herewith.

  10. To the best of the Committee's knowledge, information and belief, Forman Holt Eliades & Ravin LLC does not hold an adverse interest to the estate, does not represent an adverse interest to the estate and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

  11. To the best of the Committee's knowledge, information and belief, Forman Holt Eliades & Ravin LLC has no conflicting relationship with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee except that:

  A. Prior to the commencement of these cases, Forman Holt Eliades & Ravin LLC represented iStar FM Loans, LLC ("iStar") in a foreclosure action against a real estate development in Palisades Park (the "Property"), New Jersey owned by The Park Development East, LLC. After the commencement of these cases, Forman Holt Eliades & Ravin LLC served as local counsel to iStar. On or about January

13, 2009, the Debtors filed a motion to sell the Property to a stalking horse bidder for an amount in excess of the debt owed to iStar and to establish bidding procedures in connection therewith. With iStar's consent, Forman Holt Eliades & Ravin LLC has resigned as its local counsel in these cases. iStar also consents to Forman Holt Eliades & Ravin LLC's representation of the Committee. Forman Holt Eliades & Ravin LLC will not represent iStar in these cases going forward. However, Forman Holt Eliades & Ravin LLC might be engaged to represent iStar or its subsidiaries in other matters unrelated to these bankruptcy proceedings.

B. Forman Holt Eliades & Ravin LLC was contacted by TDK Construction to represent that entity in these cases. Forman Holt Eliades & Ravin LLC does not represent TDK Construction in any other matter and will not represent TDK Construction in these cases going forward.

C. Information received from the Debtors reveals that Commerce Bank might hold a guaranty executed by Tarragon Corporation with respect to a debt owed by a non-debtor entity. TD Bank is the successor by merger to Commerce Bank. Forman Holt Eliades & Ravin LLC has represented, and continues to represent, TD Bank in matters unrelated to these bankruptcy proceedings. Forman Holt Eliades & Ravin LLC will not represent TD Bank in these bankruptcy cases.

12. The Committee asserts that the foregoing representations do not pose a disqualifying conflict to the Committee's retention of Forman Holt Eliades & Ravin LLC under section 1103 of the Bankruptcy Code.

13. Since the Debtors had many emergent matters pending at the time of the Committee's formation, and since the Committee required the services of Forman Holt Eliades &

Ravin LLC immediately upon the Committee's decision to retain that firm, the Committee respectfully requests that the retention of Forman Holt Eliades & Ravin LLC be effective as of February 9, 2009.

**WHEREFORE,** the Committee respectfully requests that this Court enter the proposed Order authorizing the Committee to retain Forman Holt Eliades & Ravin LLC as its co-counsel in these cases and granting such other and further relief as the Court deems just and proper.

CHAIRPERSON, OFFICIAL COMMITTEE
OF UNSECURED CREDITORS


By: */s/ Howard D. Altschul*
    Howard D. Altschul

Dated: February 23, 2009