| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br>A Professional Corporation<br>Court Plaza North<br>25 Main Street<br>P.O. Box 800<br>Hackensack, NJ 07602-0800<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br>Proposed Attorneys for Tarragon Corporation, *et al.*,<br>Debtors-in-Possession | FILED<br>JAMES J. WALDRON, CLERK<br>MAR 05 2009<br>U.S. BANKRUPTCY COURT<br>NEWARK, N.J.<br>BY _____ DEPUTY |
| In re:<br><br>TARRAGON CORPORATION, *et al.*,<br><br>Debtors-in-Possession. | Case No. 09-10555(DHS)<br>Judge: Donald H. Steckroth<br>Chapter 11 (Jointly Administered)<br>Hearing Date and Time: March 5, 2009,<br>at 10:00 a.m. |

### ORDER FIXING A BAR DATE FOR FILING PROOFS OF CLAIM INCLUDING ADMINISTRATIVE CLAIMS PURSUANT TO SECTION 503(b)(9), APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND APPROVING PROOF OF SECTION 503(b)(9) CLAIM FORM

The relief set forth on the following pages, numbered two (2) through nine (9), is hereby **ORDERED**.

3/5/09

/s/ Donald H. Steckroth
USBJ

(Page 2)
Debtor: TARRAGON CORPORATION, *et al.*,
Case No: 09-10555(DHS)
Caption of Order: ORDER FIXING A BAR DATE FOR FILING PROOFS OF CLAIM INCLUDING ADMINISTRATIVE CLAIMS PURSUANT TO SECTION 503(b)(9), APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND APPROVING PROOF OF SECTION 503(b)(9) CLAIM FORM

THIS MATTER having been opened to the Court by Tarragon Corporation, *et al.*, the within debtors and debtors-in-possession (collectively, the "Debtors")[1], by and through their proposed counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A., upon a motion for an Order (i) fixing a bar date for the filing of certain proofs of claim, (ii) approving the Debtors' proposed form and manner of notice of the bar date, and (iii) approving the Debtors' proposed form of proof of Section 503(b)(9) claim (the "Motion")[2]; and it appearing that good and sufficient notice of the Motion having been provided as evidenced by the Affidavit of Service filed with the Court; and the Court having considered all the motion papers, the opposition thereto, if any, and the arguments of counsel, if any; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and other good cause having been shown,

---

[1] The Debtors are Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon LLC, Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park Development East, LLC, Vista Lakes Tarragon, LLC, Murfreesboro Gateway Properties LLC, Tarragon Stonecrest, LLC, Tarragon Stratford, Inc., MSCP, Inc. and TDC Hanover Holdings LLC.

[2] Terms not otherwise defined herein shall be given the meanings ascribed to them in the Motion.

(Page 3)
Debtor:            TARRAGON CORPORATION, et al.,
Case No:           09-10555(DHS)
Caption of Order:  ORDER FIXING A BAR DATE FOR FILING PROOFS OF CLAIM INCLUDING ADMINISTRATIVE CLAIMS PURSUANT TO SECTION 503(b)(9), APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND APPROVING PROOF OF SECTION 503(b)(9) CLAIM FORM

IT IS ORDERED as follows:

1.     Pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3), and except as otherwise provided herein, all persons and entities holding a "claim" (as defined in Section 101(5) of the Bankruptcy Code, hereinafter "Claim") against the Debtors that arose before the Filing Date, are required to file, by 5:00 p.m. (Prevailing Eastern Time) on May 4, 2009 (the "General Bar Date"), a completed and executed original proof of claim form (conforming substantially to Official Bankruptcy Form No. 10) on account of any such Claim; provided, however, that the deadline for filing a proof of claim by a governmental unit (as defined by Section 101(27) of the Bankruptcy Code) is 5:00 p.m. (Prevailing Eastern Time) on July 12, 2009 (the "Governmental Unit Bar Date" and together with the General Bar Date, the "Bar Date").

2.     Holders of the following types of Claims are not required to file a proof of claim on or before the General Bar Date or the Governmental Unit Bar Date, as applicable:

   (a)    Claims listed on the Debtors' bankruptcy Schedules, or any amendments thereto, which are not listed as contingent, unliquidated or disputed and which are not disputed by the holders thereof as to amount or classification;

   (b)    Claims on account of which a proof of claim already has been filed;

   (c)    Claims previously allowed by orders of the Court;

38590/0031-3111056v2

| | |
|---|---|
| (Page 4) | |
| Debtor: | TARRAGON CORPORATION, et al., |
| Case No: | 09-10555(DHS) |
| Caption of Order: | ORDER FIXING A BAR DATE FOR FILING PROOFS OF CLAIM INCLUDING ADMINISTRATIVE CLAIMS PURSUANT TO SECTION 503(b)(9), APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND APPROVING PROOF OF SECTION 503(b)(9) CLAIM FORM |

(d) Claims allowable under 11 U.S.C. § 507(a) as administrative expenses;

(e) Claims previously paid by the Debtors;

(f) Any holder of equity securities of the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities.

3. The "Rejection Bar Date" by which a proof of claim relating to the Debtors' rejection of any executory contract or unexpired lease must be filed is the later of (a) the General Bar Date and (b) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an Order of this Court or pursuant to a notice under procedures approved by this Court.

4. Any holder of a Claim against the Debtors who is required to, but who fails to file a proof of claim in accordance with this Order on or before the General Bar Date or the Governmental Unit Bar Date, as applicable, shall be forever barred, estopped and enjoined from asserting such Claim against the Debtors, and such holder shall not be permitted to vote on any Chapter 11 plan or participate in any distribution in the Debtors' Chapter 11 cases on account of such Claim, and, consistent with any confirmed plan of reorganization, the Debtors shall be forever discharged from any and all indebtedness or liability with respect to such Claim.

5. With regard to any claims of Ursa Development Group, LLC and Hoboken Development Group, LLC (collectively, "Ursa"), individually and/or derivatively on behalf of

| | |
|---|---|
| (Page 5) | |
| Debtor: | TARRAGON CORPORATION, *et al.*, |
| Case No: | 09-10555(DHS) |
| Caption of Order: | ORDER FIXING A BAR DATE FOR FILING PROOFS OF CLAIM INCLUDING ADMINISTRATIVE CLAIMS PURSUANT TO SECTION 503(b)(9), APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND APPROVING PROOF OF SECTION 503(b)(9) CLAIM FORM |

any entity in which they and the Debtors are members: (a) to the extent Ursa possesses claims against the Debtors for matters unrelated to executory contracts to which Ursa and the Debtors are parties, such claims must be set forth in a proof of claim filed with the Court on or before the Bar Date or Ursa shall be barred from asserting any such claims; and (b) to the extent Ursa wishes to assert claims relating to any rejection by the Debtors of an executory contract to which Ursa is a party, Ursa shall have until 30 days after the Court's approval of such rejection to assert such claims, failing which Ursa shall be barred from asserting such claims. The Debtors' estates shall have the right to interpose objections to any such claims asserted by Ursa, whether asserted individually or derivatively. Notwithstanding anything herein to the contrary, and notwithstanding the filing of any proof of claim by Ursa in accordance with this Order, all parties reserve their rights with regard to: (1) the enforceability of arbitration provisions contained in any executory contracts between Ursa and the Debtors, and (2) this Court's jurisdiction to adjudicate Ursa's claims and any objections thereto interposed on behalf of the Debtors' estates. In addition, the filing of any proof of claim by Ursa in accordance with this Order, whether individually or derivatively, shall not be deemed as consent by Ursa to the Court's jurisdiction with regard to the adjudication of such claim.

      6.      Any holder of a Claim against the Debtors alleged to be entitled to an administrative expense priority under 11 U.S.C. § 503(b)(9) for goods received by the Debtors in

(Page 6)
Debtor:            TARRAGON CORPORATION, *et al.*,
Case No:           09-10555(DHS)
Caption of Order:  ORDER FIXING A BAR DATE FOR FILING PROOFS OF CLAIM INCLUDING ADMINISTRATIVE CLAIMS PURSUANT TO SECTION 503(b)(9), APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND APPROVING PROOF OF SECTION 503(b)(9) CLAIM FORM

the ordinary course of the Debtors' business and received by the Debtors within twenty (20) days before the Filing Date (a "Section 503(b)(9) Administrative Claim"), are required to file, by 5 p.m. (Prevailing Eastern Time) on May 4, 2009 (the "503(b)(9) Claims Bar Date") a separate, completed and executed Proof of Section 503(b)(9) Claim Form (defined below), with the amount of such Section 503(b)(9) Administrative Claim in U.S. Dollars, together with any supporting documentation, including all documents that purport to establish that such claimant supplied the Debtors with "goods" within such 20 day period, the "value" of such goods and that such goods "were sold to the Debtors in the ordinary course of the Debtors' business."

7.   The Proof of Section 503(b)(9) Claim Form substantially in the form attached hereto as **Exhibit A**, is approved and shall be served upon each person or entity that the Debtors reasonably believe may be the holder of a Section 503(b)(9) Administrative Claim, including those persons and entities known to the Debtors to have supplied goods to the Debtors in the thirty (30) day period preceding the Filing Date.

8.   Any 503(b)(9) Claimant allegedly holding a Section 503(b)(9) Administrative Claim against the Debtors that is required to file a request for such Claim in these Chapter 11 cases on or before the 503(b)(9) Claims Bar Date but fails to do so in a timely manner shall be forever barred, estopped and enjoined from asserting an administrative expense claim against the Debtors or the Debtors' estates (or filing any request with respect thereto) for Claims that first

| | |
|---|---|
| (Page 7) | |
| Debtor: | TARRAGON CORPORATION, *et al.*, |
| Case No: | 09-10555(DHS) |
| Caption of Order: | ORDER FIXING A BAR DATE FOR FILING PROOFS OF CLAIM INCLUDING ADMINISTRATIVE CLAIMS PURSUANT TO SECTION 503(b)(9), APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND APPROVING PROOF OF SECTION 503(b)(9) CLAIM FORM |

accrued or were incurred during the period from and including 20 days before the Filing Date and alleged to be entitled to an administrative expense priority under 11 U.S.C. § 503(b)(9), and any holder of such a Claim shall not be entitled to any payment or permitted to participate in any distribution in these Chapter 11 cases on account of such Claim and shall not be permitted to vote on any plan or plans of reorganization in these cases or receive further notices regarding such Claim, and consistent with any confirmed plan of reorganization, the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Claim.

9. Proofs of claim, including any Proof of Section 503(b)(9) Claim, shall be deemed filed only when actually received, with original signatures, by Kurtzman Carson Consultants LLC (the "Claims Agent") by regular mail, overnight mail or hand delivery, at Tarragon Claims Processing, c/o Kurtzman Carson Consultants LLC, 2355 Alaska Avenue, El Segunda, California 90245 (Telephone No. 866-381-9100). Proofs of claim sent in any other manner shall not be deemed accepted and the Claims Agent shall not be required to accept any such proof of claim.

10. The Unsecured Bar Date Notice, substantially in the form attached hereto as **Exhibit B**, is approved and shall be deemed adequate and sufficient if served pursuant to the terms of this Order on: (a) all persons and entities who have filed a notice of appearance in these

(Page 8)
Debtor: TARRAGON CORPORATION, *et al.*,
Case No: 09-10555(DHS)
Caption of Order: ORDER FIXING A BAR DATE FOR FILING PROOFS OF CLAIM INCLUDING ADMINISTRATIVE CLAIMS PURSUANT TO SECTION 503(b)(9), APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND APPROVING PROOF OF SECTION 503(b)(9) CLAIM FORM

cases, (b) all persons and entities listed in the Debtors' Schedules, (c) all persons and entities who have filed proofs of claims in these cases.

11. The 503(b)(9) Bar Date Notice, substantially in the form attached hereto as **Exhibit C**, is hereby approved and shall be deemed adequate and sufficient if served on each person or entity that the Debtors reasonably believe may be the holder of a 20 Day Claim, including those persons and entities known to the Debtors to have supplied goods to the Debtors in the thirty (30) day period preceding the Filing Date.

12. The Debtors shall cause copies of the Bar Date Notices, together with either the proof of claim form (substantially in the form of Official Bankruptcy Form. No. 10) or the Section 503(b)(9) Claim Form, where applicable, to be mailed as soon as possible after the entry of this Order, but in no event later than seven (7) days thereafter, to the creditors and parties-in-interest identified in the preceding decretal paragraphs, by first class United States mail, postage prepaid.

13. In accordance with Rule 2002(a)(7) and 11 U.S.C. § 105(a), service of the Bar Date Notice in the manner set forth in the manner set forth above shall be deemed good and sufficient notice of the Bar Date to known creditors.

14. In accordance with Rule 2002(l), the Debtors shall cause the publication of the Bar Date Notice in *The Wall Street Journal* on one occasion at least thirty (30) days prior to the

(Page 9)
Debtor: TARRAGON CORPORATION, et al.,
Case No: 09-10555(DHS)
Caption of Order: ORDER FIXING A BAR DATE FOR FILING PROOFS OF CLAIM INCLUDING ADMINISTRATIVE CLAIMS PURSUANT TO SECTION 503(b)(9), APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND APPROVING PROOF OF SECTION 503(b)(9) CLAIM FORM

Bar Date. Such form and manner of publication notice is hereby approved and authorized and shall be deemed good and sufficient notice of the Bar Date to unknown creditors.

15. The Debtors shall retain the right to (a) dispute or assert offsets or defenses against any filed Claim, including any Section 503(b)(9) Administrative Expense Claim, or any claim listed in the Debtors' Schedules as to nature, amount, liability, classification or otherwise; or (b) subsequently designate any Claim, including any Section 503(b)(9) Administrative Expense Claim (or any portion thereof), as contingent, unliquidated or disputed; provided, however, that if the Debtors amend the Schedules to reduce the non-contingent, liquidated or undisputed amounts or to change the nature or classification of a Claim against a Debtors reflected therein, then the affected claimant shall have from the later of the Bar Date or thirty (30) days after a claimant is served with a notice that the Debtors have amended their Schedules to reduce the amount of, delete, or change the status of a scheduled Claim of such claimant, to file a proof of claim or to amend any previously filed proof of claim with respect to such amended scheduled Claim. Notwithstanding the foregoing, nothing set forth herein will preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

16. Creditors that desire to rely on the Schedules with respect to filing a proof of claim in this case shall have the responsibility for determining that their Claims are accurately listed therein.

38590/0031-3111056v2

(Page 10)
Debtor: TARRAGON CORPORATION, *et al.*,
Case No: 09-10555(DHS)
Caption of Order: ORDER FIXING A BAR DATE FOR FILING PROOFS OF CLAIM INCLUDING ADMINISTRATIVE CLAIMS PURSUANT TO SECTION 503(b)(9), APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND APPROVING PROOF OF SECTION 503(b)(9) CLAIM FORM

17. The Debtors and Claims Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

18. Debtors' proposed counsel shall serve a copy of this Order on all parties-in-interest within seven (7) days hereof.

38590/0031-3111056v2

# EXHIBIT A

| UNITED STATES BANKRUPTCY COURT, DISTRICT OF NEW JERSEY | | **PROOF OF SECTION 503(b)(9) CLAIM (ADMINISTRATIVE)** |
|---|---|---|
| Name of Debtor | Case Number | |
| NOTE: This form should only be used by claimants asserting an allowance of a Section 503(b)(9) Administrative Expense Claim. IT SHOULD NOT BE USED FOR CLAIMS THAT ARE NOT ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. § 503(b)(9), EXCEPT FOR SUCH UNSECURED NONPRIORITY CLAIMS FILED IN COMBINATION WITH A SECTION 503(b)(9) ADMINISTRATIVE EXPENSE CLAIM | | **BAR DATE: May 4, 2009** |
| Name and address of Creditor (The person or other entity to whom the debtor owes money or property): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | |
| Telephone No. of Creditor: | | THIS SPACE IS FOR COURT USE ONLY |

| Creditor Tax ID #: | Account or other number by which Creditor identifies Debtor: | Check here if this claim   ☐ replaces   ☐ amends | a previously filed claim, dated: |
|---|---|---|---|

**1. Basis for Claim**
☐ Goods sold
☐ Other _____

| 2. Date debt was incurred: | 3. If court judgment, date obtained: |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**

$_____                                    $_____

(Total Amount of Section 503(b)(9) Administrative Expense Claim)     (Total Unsecured Nonpriority Claim)

☐ Check this box if your claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Brief Description of 503(b)(9) Administrative Expense Claim (attach any additional information):**

| 6. Offsets, Credits and Setoffs<br>☐ All payments made on this claim by the Debtor have been credited and deducted from the amount claimed hereon<br>☐ This claim is not subject to any setoff or counterclaim<br>☐ This claim is subject to any setoff or counterclaim as follows: | 7. Assignment:<br><br>☐ If the claimant has obtained this claim by assignment, a copy is attached hereto. |
|---|---|

**8. Supporting Documents:** *Attach copies of supporting documents.* DO NOT SEND ORIGINAL DOCUMENTS. ANY DOCUMENTS RELIED UPON BY ANY 503(b)(9) CLAIMANT TO SUPPORT ITS SECTION 503(b)(9) ADMINISTRATIVE EXPENSE CLAIM, INCLUDING ALL DOCUMENTS THAT PURPORT TO ESTABLISH THAT SUCH CLAIMANT SUPPLIED THE DEBTOR "GOODS" WITHIN THE 20 DAY PERIOD BEFORE COMMENCEMENT OF THE CASES, THE "VALUE" OF SUCH GOODS AND THAT SUCH GOODS WERE "SOLD TO THE DEBTOR IN THE ORDINARY COURSE OF THE DEBTORS' BUSINESS", SHOULD BE ATTACHED HERETO.

THIS SPACE IS FOR COURT USE ONLY

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

38590/0031-2620778v2

## INSTRUCTIONS FOR FILING PROOF OF SECTION 503(B)(9) CLAIM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances there may be exceptions to the general rules.*

### – DEFINITIONS –

**Debtor:**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor. In this case the Debtors are Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon LLC, Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park Development East LLC, Vista Lakes Tarragon, LLC, Murfreesboro Gateway Properties LLC Tarragon Stonecrest, LLC, Tarragon Straford, Inc., MSCP, Inc. and TDC Hanover Holdings LLC.

**Section 503(b)(9) Administrative Expense Claim:**
Any claim entitled to treatment in accordance with Section 503(b)(9) of the Bankruptcy Code. Specifically, Section 503(b)(9) claims are those claims for the "value of any goods received by the debtor, within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9)

**Section 503(b)(9) Claims Bar Date:**
By Order of the United States Bankruptcy Court for the District of New Jersey, all requests for allowance of a Section 503(b)(9) Administrative Expense Claim must be filed so as to be received at the address set forth below no later than 5:00 p.m., Prevailing Eastern Time on **May 4, 2009**.

1.  Please read this Proof of Section 503(b)(9) Claim form carefully and fill it in completely and accurately.

2.  Print legibly. Your claim may be disallowed if it cannot be read and understood.

3.  This Proof of Section 503(b)(9) Claim must be completed in English. The amount of any Section 503(b)(9) Administrative Expense Claim must be denominated in United States currency.

4.  Attach additional pages if more space is required to complete this Proof of Section 503(b)(9) Claim.

5.  This form should only be used by a claimant asserting a Section 503(b)(9) Administrative Expense Claim. It should not be used for claims that are not entitled to priority in accordance with 11 U.S.C. § 503(b)(9), except for such unsecured nonpriority claims filed in combination with a Section 503(b)(9) Administrative Expense Claim.

6.  This Proof of Section 503(b)(9) Claim should be sent by regular mail, overnight mail or hand delivery as follows:

    Tarragon Claims Processing
    Kurtzman Carson Consultants, LLC ("KCC")
    2335 Alaska Avenue
    El Segundo, California 90245

    Please note that KCC is **not** permitted to accept proofs of claim, including any Proof of Section 503(b)(9) Claim, by facsimile, telecopy or other electronic submission, including electronic mail.

7.  To receive an acknowledgment of the filing of your claim from KCC, enclose a stamped, self-addressed envelope and copy of this Proof of Section 503(b)(9) Claim.

8.  **ANY DOCUMENTS RELIED UPON BY ANY 503(b)(9) CLAIMANT TO SUPPORT ITS SECTION 503(b)(9) ADMINISTRATIVE EXPENSE CLAIM, INCLUDING ALL DOCUMENTS THAT PURPORT TO ESTABLISH THAT SUCH CLAIMANT SUPPLIED THE DEBTOR "GOODS" WITHIN THE 20 DAY PERIOD THE COMMENCEMENT OF THE CASES, THE "VALUE" OF SUCH GOODS AND THAT SUCH GOODS WERE "SOLD TO THE DEBTOR IN**

THE ORDINARY COURSE OF THE DEBTORS' BUSINESS", SHOULD BE ANNEXED TO THIS PROOF OF SECTION 503(b)(9) ADMINISTRATIVE EXPENSE CLAIM FORM.

9. To be considered timely filed, this Proof of Section 503(b)(9) Claim must be actually received by KCC by May 4, 2009, at 5:00 p.m. (Prevailing Eastern Time) and should include appropriate documents/materials establishing the claimants entitlement to an allowed Section 503(b)(9) Administrative Claim and the amount of the asserted claim.

# EXHIBIT B

## NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM

**TARRAGON CORPORATION,** *et al.*
**UNITED STATES BANKRUPTCY COURT, DISTRICT OF NEW JERSEY**
**CASE NO. 09-10555(DHS)**
**(JOINTLY ADMINISTERED)**

**DEADLINE TO FILE A PROOF OF CLAIM: May 4, 2009**

       **COMMENCEMENT OF CASES**: On January 12, 2009, January 13, 2009 and February 5, 2009(collectively, the "Filing Date"), Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon LLC, Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park Development East, LLC, Vista Lakes Tarragon, LLC, Murfreesboro Gateway Properties LLC, Tarragon Stonecrest, LLC, Tarragon Stratford, Inc. MSCP, Inc. and TDC Hanover Holdings LLC (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). All documents filed with the Court are available for inspection at the Office of the Clerk of the Bankruptcy Court, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Third Floor, Newark, New Jersey 07102, Phone: 973-645-4764 (the "Clerk's Office") and at www.kccllc.net/tarragon. NOTE: The staff of the Clerk's Office is prohibited by law from giving legal advice.

**NOTICE OF CLAIMS BAR DATE. PLEASE TAKE NOTICE** that the United States Bankruptcy Court for the District of New Jersey has fixed **May 4, 2009**, as the last date (the "Bar Date") by which all creditors holding Claims (as defined below) against the Debtors that **arose before the Filing Date**, must file a separate, completed and executed proof of claim form conforming substantially to Official Bankruptcy Form No. 10, with the amount of such Claim in U.S. Dollars, together with any supporting documentation. The United States Bankruptcy Court for the District of New Jersey also fixed **July 12, 2009**, as the last date (the "Governmental Bar Date") by which governmental units ("Governmental Unit") (as defined in Section 101(27) of the Bankruptcy Code) holding Claims against the Debtors that **arose before the Filing Date**, must file a separate, completed and executed proof of claim form conforming substantially to Official Bankruptcy Form No. 10, together with any supporting documentation. Any creditor who asserts a Claim and wishes to have such claim allowed by the Court and paid by the Debtors <u>must</u> file a Chapter 11 proof of claim, with original signature, by regular mail, overnight mail or hand delivery, so that it is **actually received** by Kurtzman Carson Consultants, LLC, Attn: Tarragon Claims Processing, 2335 Alaska Avenue, El Segundo, California 90245 (Telephone No. 866-381-9100), **no later than 5:00 p.m. (Prevailing Eastern Time) on May 4, 2009**; however, proofs of claim for any Governmental Unit must **be received no later than 5:00 p.m. (Prevailing Eastern Time) on July 12, 2009.**

**PLEASE TAKE FURTHER NOTICE** that, proofs of claim **ARE NOT REQUIRED** to be filed by creditors holding or wishing to assert claims against the Debtors of the following types: (a) claims listed in the Debtors' bankruptcy schedules, or any amendments thereto, which are not listed as contingent, unliquidated or disputed and which are not disputed by the holders thereof as to amount or classification; (b) claims for which a proof of claim already has been properly filed; (c) claims previously allowed by order of the Court; (d) claims allowable under 11 U.S.C. § 507(a) as administration expenses (except for claims asserted under 11 U.S.C. § 503(b)(9)); (e) claims previously paid by the Debtors; and (f) any holder of equity securities of the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities (collectively, the "Excluded Claims").

**PLEASE TAKE FURTHER NOTICE** that, a proof of claim form is enclosed with this notice and may be used to file your claim. Additionally, the proof of claim form is available in downloadable format on the Bankruptcy Court's website http://www.njb.uscourts.gov or at www.kccllc.net/tarragon. If a claimant wishes to receive acknowledgment of receipt of a filed proof of claim, the claimant must also submit concurrently with its original proof of claim (a) a copy of the original proof of claim, and (b) a self-addressed, stamped return envelope.

**PLEASE TAKE FURTHER NOTICE THAT, EXCEPT WITH RESPECT TO THE EXCLUDED CLAIMS, ANY CREDITOR WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE BAR DATE (OR GOVERNMENTAL BAR DATE, AS APPLICABLE), ON ACCOUNT OF ANY CLAIM AGAINST THE DEBTORS SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO) AND THE DEBTORS AND THEIR PROPERTIES SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM, AND SUCH HOLDER SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.**

**PLEASE TAKE FURTHER NOTICE** that, in the event the Debtors amend their bankruptcy schedules subsequent to the date hereof, the Debtors shall give notice of such amendment to the holders of the claims affected thereby and such holders will be afforded thirty (30) days from the date on which such notice is given (or such other time period as may be fixed by the Court) to file proofs of claim, if necessary, or forever be barred from doing so.

**PLEASE TAKE FURTHER NOTICE** that, creditors that wish to rely on the Debtors' bankruptcy schedules are responsible for determining that their claims are accurately listed therein. The Debtors' bankruptcy schedules may be examined and inspected by interested parties during regular business hours at the Clerk's Office or at www.kccllc.net/tarragon.

For purposes of this Notice, a Claim means (a) the right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured (including potential and unmatured tort and contract claims), fully accrued, disputed, undisputed, legal, equitable, secured or unsecured or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to receive payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured (including potential and unmatured tort and contract claims), fully accrued, disputed, undisputed, secured or unsecured.

Additional information regarding the filing of Claims and/or a complete copy of the Debtors' motion papers for an Order fixing the Bar Date may be obtained from Debtors' counsel at the following address: COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A., Counsel for Tarragon Corporation, *et al.*, Court Plaza North, 25 Main Street, P.O. Box 800, Hackensack, New Jersey 07602-0800 (Attention: Frances Pisano, Paralegal), Telephone No. (201) 525-6351.

**EXHIBIT C**

# NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE

### TARRAGON CORPORATION, *et al.*
### UNITED STATES BANKRUPTCY COURT, DISTRICT OF NEW JERSEY
### CASE NO. 09-10555(DHS)
### (JOINTLY ADMINISTERED)

**DEADLINE TO FILE PROOFS OF CLAIM PURSUANT TO SECTION 503(b)(9): May 4, 2009**

**COMMENCEMENT OF CASES**: On January 12, 2009, January 13, 2009 and February 5, 2009 (collectively, the "Filing Date"), Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon LLC, Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park Development East, LLC, Vista Lakes Tarragon, LLC, Murfreesboro Gateway Properties LLC Tarragon Stonecrest, LLC, Tarragon Stratford, Inc., MSCP, Inc. and TDC Hanover Holdings LLC (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). All documents filed with the Court are available for inspection at the Office of the Clerk of the Bankruptcy Court, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Third Floor, Newark, New Jersey 07102, Phone: 973-645-4764 (the "Clerk's Office") or at www.kccllc.net/tarragon. NOTE: The staff of the Clerk's Office is prohibited by law from giving legal advice.

**NOTICE OF CLAIMS BAR DATE. PLEASE TAKE NOTICE** that the United States Bankruptcy Court for the District of New Jersey has fixed **May 4, 2009**, as the last date (the "503(b)(9) Claims Bar Date") by which all creditors holding Section 503(b)(9) Claims (as defined below) against the Debtors must file a separate, completed and executed administrative proof of claim form with Kurtzman Carson Consultants, LLC, Attn: Tarragon Claims Processing, 2335 Alaska Avenue, El Segundo, California 90245 (Telephone No. 866-381-9100), **no later than 5:00 p.m. (Prevailing Eastern Time) on May 4, 2009.**

For purposes of this Notice, a 503(b)(9) Claim is a Claim entitled to treatment in accordance with Section 503(b)(9) of the Bankruptcy Code. Specifically, Section 503(b)(9) claims are those claims for the "value of any goods received by the debtor, within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." Section 503(b)(9) Administrative Expense Claimants must include all documents that purport to establish that such claimant supplied the debtors "goods" within the 20 day period before the Filing Date the "value" of such goods and that such goods were "sold to the debtor[s] in the ordinary course of the debtor[s'] business[es]."

For purposes of this Notice, a Claim means (a) the right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured (including potential and unmatured tort and contract claims), fully accrued, disputed, undisputed, legal, equitable, secured or unsecured or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to receive payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured (including potential and unmatured tort and contract claims), fully accrued, disputed, undisputed, secured or unsecured.

Additional information regarding the filing of Claims and/or a complete copy of the Debtors' motion papers for an Order fixing the Bar Date may be obtained from Debtors' counsel at the following address: COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A., Counsel for Tarragon Corporation, *et al.*, Court Plaza

38590/0031-2619894v2

North, 25 Main Street, P.O. Box 800, Hackensack, New Jersey 07602-0800 (Attention: Frances Pisano, Paralegal), Telephone No. (201) 525-6351.

**SHOULD ANY CLAIMANT FAIL TO FILE A TIMELY REQUEST FOR ALLOWANCE OF A SECTION 503(B)(9) CLAIM, ITS CLAIM SHALL NOT BE ALLOWED BY THE COURT OR PAID BY THE DEBTORS.**

2