UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**
COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
(201) 489-3000
(201) 489-1536 Facsimile
Attorneys for Tarragon Corporation, *et al.*, Debtors-in-Possession

```
┌─────────────────────────────┐
│           FILED             │
│  JAMES J. WALDRON, CLERK    │
│        MAR 0 5 2009         │
│   U.S. BANKRUPTCY COURT     │
│        NEWARK IN J.         │
│  BY _____ DEPUTY       │
└─────────────────────────────┘
```

In re:

TARRAGON CORPORATION, *et al.*,

                    Debtors-in-Possession.

Case No. 09-10555

Judge: Donald H. Steckroth

Chapter 11

Hearing Date:  March 5, 2009 at 10:00 a.m.

### FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 363 AND 364, AND (3) MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362

The relief set forth on the following pages, numbered two (2) through twenty-eight (28), is hereby **ORDERED**.

3-5-09

*(signature)*
USBJ

38590/0031-5266043v3 March 04, 2009

(Page 2)
Debtor:             TARRAGON CORPORATION, et al.
Case No.            09-10555(DHS)
Caption of Order:   FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                    GRANTING LIENS AND PROVIDING SUPERPRIORITY
                    ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                    363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                    PURSUANT TO 11 U.S.C. §362

THIS MATTER having come before the Court upon motion (the "**DIP Motion**") by

Tarragon Corporation, et al. (the "**Debtors**" or "**Borrowers**")[1], as debtors and debtors-in-

possession in the above captioned chapter 11 cases (each a "**Case**," collectively, the "**Cases**")

seeking, among other things, entry of an order (this "**Order**") authorizing the Debtors to:

  (i)  Obtain credit and incur debt, pursuant to sections 363 and 364(c) of title 11 of the

United States Code, as amended (the "**Bankruptcy Code**") up to the aggregate committed

amount of $6,250,000 (on terms and conditions more fully described herein) secured by first

priority perfected liens, as defined in section 101(37) of the Bankruptcy Code  and referred to

and defined in more detail herein as the "**DIP Liens**", on certain property and assets of the

Borrowers' estates and Borrower Parties,[2]  pursuant to section 364(c)(2) of the Bankruptcy Code

---

[1]  The Debtors are Tarragon Corporation, Tarragon Development Corporation,
Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon
Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando
Central Park Tarragon L.L.C., Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park
Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development
LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon
Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park
Development East LLC and Vista Lakes Tarragon, LLC.  Affiliates of the Debtors that have filed
Chapter 11 petitions but are not Borrowers under the DIP Credit Agreement (as defined below)
are:  Murfreesboro Gateway Properties LLC, Tarragon Stonecrest LLC, TDC Hanover Holdings
LLC, Tarragon Stratford, Inc. and MSCP, Inc.

[2] All capitalized terms used but not defined in this Order shall have the meaning given to
them in the DIP Credit Agreement, and if not defined therein they shall have the meaning given
(continued...)

(Page 3)
Debtor:                TARRAGON CORPORATION, *et al.*
Case No.               09-10555(DHS)
Caption of Order:      FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                       GRANTING LIENS AND PROVIDING SUPERPRIORITY
                       ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                       363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                       PURSUANT TO 11 U.S.C. §362

and as more particularly described herein, and with priority as to administrative expenses as

provided in section 364(c)(1) of the Bankruptcy Code, subject to certain terms and conditions;

   (ii)  (a) Enter into the financing arrangement as provided for in that certain Secured,

Super-Priority Debtor-in-Possession Credit Agreement, substantially in the form filed of record

in the Cases and made part of the record at the hearing (the **"Hearing"**) on the DIP Motion (as

amended, modified and in effect from time to time, and together with any and all other related

documents and agreements entered into in connection with or related to the Secured Super-

Priority Debtor-in-Possession Credit Agreement, the **"DIP Credit Agreement"**) by and among

the Debtors and ARKOMD, LLC, as lender (the **"DIP Lender"**), and (b) incur the

"**Obligations**" under and as defined in the DIP Credit Agreement (the **"DIP Obligations"**);

   (iii)  Authorize the use of the proceeds of the DIP Obligations (net of any amounts

used to pay fees and interest under the DIP Credit Agreement) in a manner consistent with the

terms and conditions of the DIP Credit Agreement and this Order;

---

(…continued)
to them in the Uniform Commercial Code enacted in the State of New York, or, if required, in
other federal or New York state statutes as applicable.

38590/0031-5266043v3 March 04, 2009

(Page 4)

| | |
|---|---|
| Debtor: | TARRAGON CORPORATION, *et al.* |
| Case No. | 09-10555(DHS) |
| Caption of Order: | FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 363 AND 364, AND (3) MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 |

    (iv)    Grant the DIP Liens to the DIP Lender pursuant to section 364(c)(2) of the Bankruptcy Code, subject only to the Carve Out (as defined below), upon the assets and property as provided in and as contemplated by this Order and the DIP Credit Agreement;

    (v)    Grant, pursuant to section 364(c)(1) of the Bankruptcy Code, the DIP Lender superpriority administrative claim status in respect of all DIP Obligations, subject and junior to only the Carve Out as provided herein; and

    (vi)    Vacate and modify the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the DIP Credit Agreement and this Order.

The Court having considered the DIP Motion and the DIP Credit Agreement, and the evidence submitted at the hearing on this Order in accordance with Rules 2002, 4001(b), (c), and (d), and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), due and proper notice of the DIP Motion and the Hearing on the DIP Motion and DIP Credit Agreement having been given; and the Hearing having been held and concluded; and it appearing that approval of the relief requested in the DIP Motion is fair and reasonable and in the best interests of the Debtors, their creditors, their estates and their equity holders, and is essential for the continued operation of the Debtors' business; and it further appearing that the Borrowers are unable to secure unsecured credit for money borrowed allowable as an administrative expense

(Page 5)
Debtor:              TARRAGON CORPORATION, *et al.*
Case No.             09-10555(DHS)
Caption of Order:    FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                     GRANTING LIENS AND PROVIDING SUPERPRIORITY
                     ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                     363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                     PURSUANT TO 11 U.S.C. §362

under Bankruptcy Code section 503(b)(1); and all objections, if any, to the entry of this Order

having been withdrawn, resolved or overruled by the Court; and upon all pleadings filed with

this Court, all proceedings held before the Court, and the evidence adduced in connection

therewith; and after due deliberation and consideration, and for good and sufficient cause

appearing therefor:

**BASED UPON THE RECORD ESTABLISHED AT THE HEARING BY THE DEBTORS,
THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND
CONCLUSIONS OF LAW:**

A.     <u>Petition Date</u>.  On January 12, 2009 (the **"Petition Date"**), the Debtors each filed

a voluntary petition under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of New Jersey.  The Debtors have continued in the management and

operation of their businesses and properties as debtors-in-possession pursuant to sections 1107

and 1108 of the Bankruptcy Code.  The Debtors' cases are being jointly administered under case

# 09-10555(DHS).  No trustee or examiner has been appointed in the Cases.

B.     <u>Jurisdiction and Venue</u>.  This Court has jurisdiction, pursuant to 28 U.S.C.

§§ 157(b) and 1334, over these proceedings, and over the persons and property affected hereby.

Consideration of the DIP Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

Venue for the Cases and proceedings on the DIP Motion is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

38590/0031-5266043v3 March 04, 2009

(Page 6)
Debtor:                TARRAGON CORPORATION, *et al.*
Case No.               09-10555(DHS)
Caption of Order:      FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                       GRANTING LIENS AND PROVIDING SUPERPRIORITY
                       ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                       363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                       PURSUANT TO 11 U.S.C. §362

C.    Committee Formation. An official committee of unsecured creditors

("**Committee**") was appointed in the Cases on February 4, 2009.

D.    Notice. Notice of the Hearing and the relief requested in the DIP Motion has been

provided by the Debtors, whether by email and/or overnight courier, to certain parties in interest,

including: (i) the Office of the United States Trustee, (ii) the Securities and Exchange

Commission, (iii) the Internal Revenue Service, and (iv) the Committee. Under the

circumstances, such notice of the Hearing and the relief requested in the DIP Motion constitutes

due and sufficient notice and complies with sections 102(1) and 364 of the Bankruptcy Code and

Bankruptcy Rules 2002 and 4001(c).

E.    Findings Regarding the Post-Petition Financing.

(i)    Need for Post-Petition Financing. A need exists for the Debtors to obtain

funds from the DIP Credit Agreement in order to continue operations and to administer and

preserve the value of their estates.

(ii)    No Credit Available on More Favorable Terms. The Borrowers have been

unable to obtain unsecured credit allowable under Bankruptcy Code section 503(b)(1) as an

administrative expense. The Borrowers are also unable to obtain secured credit, allowable only

under Bankruptcy Code sections 364(c)(2)  on more favorable terms and conditions than those

provided in the DIP Credit Agreement and this Order. The Borrowers are unable to obtain credit

6

(Page 7)
Debtor:                TARRAGON CORPORATION, *et al.*
Case No.               09-10555(DHS)
Caption of Order:      FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                       GRANTING LIENS AND PROVIDING SUPERPRIORITY
                       ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                       363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                       PURSUANT TO 11 U.S.C. §362

for borrowed money without granting to the DIP Lender (i) the DIP Liens on the property and

assets of the Debtors pursuant to Bankruptcy Code section 364(c)(2) and (ii) superpriority

administrative expense claim status pursuant to Bankruptcy Code sections 503(b) and 507(b) as

provided in section 364(c)(1) of the Bankruptcy Code (such superpriority administrative expense

claim having priority as provided by this Order).

(iii)    Budget.  The Debtors have prepared and delivered to the DIP Lender an

Initial Budget.  The Initial Budget has been thoroughly reviewed by the Debtors and their

management and sets forth, among other things, the Projected Information for the periods

covered thereby.  The Debtors represent that the Initial Budget is achievable in accordance with

the terms of the DIP Credit Agreement and this Order and will allow the Debtors to operate at all

times during the Cases without the accrual of unpaid administrative expenses.  The DIP Lender

is relying upon the Debtors' compliance with the Budget in accordance with the DIP Credit

Agreement and this Order in determining to enter into the post-petition financing arrangements

authorized herein.

F.    Use of the DIP Obligations.  The DIP Obligations (net of any amounts used to pay

Fees and interest under the DIP Credit Agreement) shall be used in a manner consistent with the

terms and conditions of the DIP Credit Agreement.

7

(Page 8)

| | |
|---|---|
| Debtor: | TARRAGON CORPORATION, *et al.* |
| Case No. | 09-10555(DHS) |
| Caption of Order: | FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 363 AND 364, AND (3) MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 |

G.    <u>Application of Proceeds of DIP Collateral</u>. Net proceeds of the sale or other disposition of the DIP Collateral (as defined below) shall be applied to the DIP Obligations in accordance with the terms hereof and the DIP Credit Agreement.

H.    <u>Extension of Financing</u>. The DIP Lender has agreed to provide financing to the Borrowers in accordance with the DIP Credit Agreement, subject to (i) the entry of this Order, and (ii) findings by the Court that such financing is essential to the Debtors' estates, that the DIP Lender is a good faith financier, and that the DIP Lender's claims, superpriority claims, security interests and liens and other protections granted pursuant to this Order and the DIP Credit Agreement will not be affected by any subsequent reversal, modification, vacatur or amendment of this Order or any other order, as provided in section 364(e) of the Bankruptcy Code.

I.    <u>Business Judgment and Good Faith Pursuant to Section 364(e)</u>. The terms and conditions of the DIP Credit Agreement, and the Fees to be paid thereunder, are fair, reasonable, and the best available under the circumstances; reflect the Borrowers' exercise of prudent business judgment consistent with their fiduciary duties; and are supported by reasonably equivalent value and consideration. The DIP Credit Agreement was negotiated in good faith and at arms' length between the Borrowers and the DIP Lender. The credit to be extended under the DIP Credit Agreement will be extended in good faith, and for valid business purposes and uses,

38590/0031-5266043v3 March 04, 2009

(Page 9)
Debtor:              TARRAGON CORPORATION, *et al.*
Case No.             09-10555(DHS)
Caption of Order:    FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                     GRANTING LIENS AND PROVIDING SUPERPRIORITY
                     ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                     363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                     PURSUANT TO 11 U.S.C. §362

the consequence of which is that the DIP Lender is entitled to the protection and benefits of

section 364(e) of the Bankruptcy Code.

NOW, THEREFORE, on the DIP Motion of the Debtors and the record before the Court

with respect to the DIP Motion, and with the consent of the Debtors and the DIP Lender to the

form and entry of this Order, and good and sufficient cause appearing therefor,

**IT IS ORDERED that:**

1.    DIP Credit Agreement Authorization.

(a)    <u>Approval of Entry into DIP Credit Agreement</u>.  The Debtors are expressly

and immediately authorized, empowered and directed to execute and deliver the DIP Credit

Agreement and to incur and to perform the DIP Obligations in accordance with, and subject to,

the terms of this Order and the DIP Credit Agreement, and to deliver all instruments and

documents that may be required or necessary for the performance by the Debtors under the DIP

Credit Agreement and the creation and perfection of the DIP Liens described in and provided for

by this Order and the DIP Credit Agreement.  The Debtors are hereby authorized and directed to

pay the principal, interest, fees, expenses and other amounts described in the DIP Credit

Agreement and all other documents comprising the DIP Credit Agreement as such become due,

including, without limitation, the Fees, agents' fees, commitment fees, and reasonable attorneys',

financial advisors' and accountants' fees and disbursements as provided for in the DIP Credit

38590/0031-5266043v3 March 04, 2009

(Page 10)
Debtor:                TARRAGON CORPORATION, *et al.*
Case No.               09-10555(DHS)
Caption of Order:      FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                       GRANTING LIENS AND PROVIDING SUPERPRIORITY
                       ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                       363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                       PURSUANT TO 11 U.S.C. §362

Agreement, which amounts shall not otherwise be subject to approval of this Court; *provided,*

*however*, that unresolved disputes as to the reasonableness of any professional fees and expenses

may be determined by the Court.  Upon execution and delivery, the DIP Credit Agreement shall

represent valid and binding obligations of the Borrowers, enforceable against the Borrowers in

accordance with its terms.

     (b)    Authorization to Borrow.  In order to enable the Debtors to continue to

operate their business during these Chapter 11 proceedings and subject to the terms and

conditions of this Order, the DIP Credit Agreement, and all other documents comprising the

Loan Documents, the Borrowers are hereby authorized under the DIP Credit Agreement to

request extensions of credit up to a total committed amount of $6,250,000 (the "**DIP Loan**").

     (c)    Application of DIP Proceeds.  The Debtors are authorized to borrow the

DIP Loan under the DIP Credit Agreement, and the proceeds of the DIP Loan (net of any

amounts used to pay Fees and interest under the DIP Credit Agreement) shall be used, in each

case in a manner consistent with the terms and conditions of the DIP Credit Agreement and the

Budget.

     (d)    Conditions Precedent.  The DIP Lender shall have no obligation to make

any Advance under the DIP Credit Agreement unless the conditions precedent to make such

38590/0031-5266043v3 March 04, 2009

(Page 11)

| | |
|---|---|
| Debtor: | TARRAGON CORPORATION, *et al.* |
| Case No. | 09-10555(DHS) |
| Caption of Order: | FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 363 AND 364, AND (3) MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 |

Advance under the DIP Credit Agreement have been satisfied in full or waived by the DIP

Lender in its sole and absolute discretion.

    (e)  <u>Post-Petition Liens</u>.  (1) Effective immediately upon the entry of this

Order, the DIP Lender is hereby granted the DIP Liens pursuant to sections 361, 362 and

364(c)(2) of the Bankruptcy Code, meaning a first priority, continuing, valid, binding,

enforceable, non-avoidable and automatically perfected postpetition security interest in and lien,

senior and superior in priority to the liens, security interests and claims of all other secured and

unsecured creditors of the Borrowers' estate upon the following collateral: (a) Tarragon's Equity

Interests, as set forth more fully on <u>Exhibit E</u> to the DIP Credit Agreement and (b) any otherwise

unencumbered assets and property of the Borrowers (other than (i) stock, limited partnership

equity, general partnership equity or limited liability company interests not constituting

Tarragon's Equity Interests or (ii) any asset or property of a non-debtor Borrower Party, other

than Tarragon's Equity Interests, if the grant of a security interest hereunder or under the DIP

Credit Agreement constitutes or results in a breach or an event of default (following the passage

of all applicable cure periods) under any applicable loan or security agreement)(the **"DIP**

**Collateral"**); *provided, however*, that the DIP Liens shall only attach to the Borrowers' cash

(other than cash generated or received as proceeds from the DIP Collateral, which DIP Liens

11

(Page 12)
Debtor:                 TARRAGON CORPORATION, *et al.*
Case No.                09-10555(DHS)
Caption of Order:       FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                        GRANTING LIENS AND PROVIDING SUPERPRIORITY
                        ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                        363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                        PURSUANT TO 11 U.S.C. §362

shall attach and be effective immediately upon entry of this Order) upon an Event of Default (as

such term is defined in the DIP Credit Agreement).

(2)     In no event shall any lien or security interest that is avoided and preserved for the

benefit of the Debtors' estates under section 551 of the Bankruptcy Code, or any person or entity

who pays (or through the extension of credit to the Debtors, causes to be paid) any of the DIP

Obligations, be subrogated, in whole or in part, to any rights, remedies, claims, privileges, liens

or security interests granted in favor of, or conferred upon the DIP Lender by the terms of the

DIP Credit Agreement or this Order, until such time as all of the DIP Obligations shall be

indefeasibly paid in full in cash in accordance with the DIP Credit Agreement and this Order.

(f)     DIP Lien Priority.  The DIP Liens to be created and granted to the DIP

Lender herein (i) are created pursuant to section 364(c)(2) of the Bankruptcy Code, (ii) are a first

valid, prior, perfected, unavoidable, and superior to any security, pledge, mortgage, or collateral

interest or lien or claim to DIP Collateral, and are subject only to the Carve Out,  and (iii) shall

secure all DIP Obligations.  The DIP Liens shall not be made subject to or *pari passu* with any

lien or security interest by any court order heretofore or hereafter entered in the Cases; and shall

be valid and enforceable against any trustee appointed in the Cases upon the conversion of any

Case to a case under chapter 7 of the Bankruptcy Code or in any other proceedings related to any

(Page 13)

| | |
|---|---|
| Debtor: | TARRAGON CORPORATION, *et al.* |
| Case No. | 09-10555(DHS) |
| Caption of Order: | FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 363 AND 364, AND (3) MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 |

of the foregoing (a "**Successor Case**"), and/or upon the dismissal of the Cases. The DIP Liens

shall not be subject to sections 506(c), 510, 549, 550 or 551 of the Bankruptcy Code.

(g)     Enforceable Obligations.  The DIP Credit Agreement shall constitute and

evidence the valid and binding obligations of the Debtors, which obligations shall be enforceable

against the Debtors, their estate and any successors thereto and their creditors, in accordance

with its terms.

(h)     Superpriority Administrative Claim Status.  Subject to the Carve Out, all

DIP Obligations shall be an allowed superpriority administrative expense claim (the "**DIP**

**Superpriority Claim**" and, together with the DIP Liens, the "**DIP Protections**") with priority

(except as otherwise provided in paragraph 3 below) in each of the Debtors' Cases under

sections 364(c)(1), 503(b) and 507(b) of the Bankruptcy Code and otherwise over all

administrative expense claims and unsecured claims against the Debtors and their estates, now

existing or hereafter arising, of any kind or nature whatsoever including, without limitation,

administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328,

330 of the Bankruptcy Code (except as otherwise provided in paragraph 3 below), 331, 503(a),

503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 726(b), 1113, and 1114.  Other than the Carve

Out, no costs or expenses of administration, including, without limitation, professional fees

allowed and payable under Bankruptcy Code sections 328, 330, and 331, or otherwise, that have

13

(Page 14)
Debtor:              TARRAGON CORPORATION, *et al.*
Case No.           09-10555(DHS)
Caption of Order:    FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
GRANTING LIENS AND PROVIDING SUPERPRIORITY
ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
PURSUANT TO 11 U.S.C. §362

been or may be incurred in these proceedings, or in any Successor Case, and no priority claims

are, or will be, senior to, prior to, or on a parity with the Superpriority Claims or the DIP

Obligations, or with any other claims of the DIP Lender arising hereunder.

      2.     <u>Post-Petition Lien Perfection</u>.  This Order shall be sufficient and conclusive

evidence of the validity, perfection, and priority of the DIP Liens without the necessity of filing

or recording any financing statement or other instrument or document which may otherwise be

required under the law of any jurisdiction or the taking of any other action (including, for the

avoidance of doubt, entering into any deposit account control agreement or the taking of

possession of the DIP Collateral) to validate or perfect the DIP Liens or to entitle the DIP Lender

to the priorities granted herein.  Notwithstanding the foregoing, the DIP Lender may, in its sole

discretion, file such financing statements, mortgages, notices of liens and other similar

documents or take possession of the DIP Collateral, and is hereby granted relief from the

automatic stay of section 362 of the Bankruptcy Code in order to do so, and all such financing

statements, mortgages, notices and other documents shall be deemed to have been filed or

recorded, and any such possession shall be deemed to have been obtained, at the time and on the

date of the commencement of the Cases.  The Borrowers and Borrower Parties shall execute and

deliver to the DIP Lender all such financing statements, mortgages, notices, certificates,

indorsements, stock powers, and other documents as the DIP Lender may reasonably request to

38590/0031-5266043v3 March 04, 2009

(Page 15)
Debtor:              TARRAGON CORPORATION, *et al.*
Case No.             09-10555(DHS)
Caption of Order:    FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                     GRANTING LIENS AND PROVIDING SUPERPRIORITY
                     ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                     363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                     PURSUANT TO 11 U.S.C. §362

evidence, confirm, validate or perfect, or to insure the contemplated priority of, the DIP Liens

granted pursuant hereto. The DIP Lender, in its discretion, may file a photocopy of this Order as

a financing statement with any recording officer designated to file financing statements or with

any registry of deeds or similar office in any jurisdiction in which the Borrowers have real or

personal property, and in such event, the subject filing or recording officer shall be authorized to

file or record such copy of this Order.

      3.     <u>Carve Out</u>. The DIP Protections shall be subject only to the right of payment of

the following expenses (the **"Carve Out"**): (a) the payment of any unpaid fees payable pursuant

to 28 U.S.C. § 1930 (including, without limitation, fees under 28 U.S.C. § 1930(a)(6)), (b) the

fees due to the Clerk of the Court, (c) the actual fees and expenses incurred by professionals, for

the period prior to the occurrence of an Event of Default (less the unused portion of retainers

held by such professionals), retained by an order of the Court entered pursuant to Sections 327,

328 or 1103 of the Bankruptcy Code (the **"Professionals"**), provided they are within the

amounts set forth in the Initial Budget, or following an Advance, the Final Budget, and are

subsequently allowed by the Bankruptcy Court under Sections 330 and 331 of the Bankruptcy

Code, and (d) the payment of, following the occurrence of any Event of Default after which the

DIP Lender elects not to continue to provide Debtors with the DIP Loan, or otherwise terminates

the DIP Loan, allowed professional fees and disbursements incurred after such Event of Default,

38590/0031-5266043v3 March 04, 2009

(Page 16)
Debtor:             TARRAGON CORPORATION, *et al.*
Case No.            09-10555(DHS)
Caption of Order:   FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                    GRANTING LIENS AND PROVIDING SUPERPRIORITY
                    ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                    363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                    PURSUANT TO 11 U.S.C. §362

or other termination, by all Professionals (i) retained by the Debtors in an aggregate amount not

to exceed $250,000 and (ii) retained by the Committee in an aggregate amount not to exceed

$250,000. No portion of the Carve Out or any other proceeds of the DIP Loan may be used to

litigate, investigate, object, contest or challenge in any manner or raise any defenses to the debt,

claims or collateral position of the DIP Lender under the DIP Credit Agreement or any other

claims against the Debtors owned or controlled by the DIP Lender, whether by challenging the

validity, extent, amount, perfection, priority or enforceability of the indebtedness under the DIP

Credit Agreement or the validity, perfection or priority of any mortgage, pledge, security interest

or lien with respect thereto or any other rights or interests or replacement liens with respect

thereto or any other rights or interests of the DIP Lender, or by seeking to subordinate or

recharacterize the DIP Loan or disallow any claim, mortgage, pledge, security interest or, lien by

asserting any claims or causes of action, including, without limitation, any actions under Chapter

5 of the Bankruptcy Code, against the DIP Lender, or any of its officers, directors, agents,

attorneys, representatives, or employees. In addition, the Carve Out and any other proceeds of

the DIP Loan shall not be used in connection with (i) preventing, hindering or delaying the DIP

Lender's enforcement or realization upon the DIP Collateral once an Event of Default has

occurred, except to contest that an Event of Default has occurred, (ii) selling or otherwise

disposing of the DIP Collateral without the consent of the DIP Lender, (iii) using or seeking to

16

(Page 17)
Debtor:              TARRAGON CORPORATION, *et al.*
Case No.             09-10555(DHS)
Caption of Order:    FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                     GRANTING LIENS AND PROVIDING SUPERPRIORITY
                     ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                     363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                     PURSUANT TO 11 U.S.C. §362

use any insurance proceeds related to the DIP Collateral without the consent of the DIP Lender,

or (iv) incurring indebtedness senior to the DIP Protections other than as permitted in the DIP

Credit Agreement.  The DIP Lender shall not be responsible for the direct payment or

reimbursement of any fees or disbursements of any Professionals incurred in connection with the

Cases under any chapter of the Bankruptcy Code, and nothing in this Order or otherwise shall be

construed to obligate the DIP Lender in any way to pay compensation to or to reimburse

expenses of any Professional, or to guarantee that the Debtors have sufficient funds to pay such

compensation or reimbursement.  Notwithstanding anything to the contrary herein, nothing in

this Order shall preclude the Debtors from paying Professional fees actually incurred during the

course of these Chapter 11 Cases out of available cash on hand for all periods prior to the first

draw under the DIP Loan.  From and after the date on which the Borrowers make their initial

draw under the DIP Loan, payments to Professionals shall be made in accordance with the

Budget and in accordance with this Order and the DIP Credit Agreement.

    4.    <u>Payment of Compensation</u>.  Nothing herein shall be construed as consent to the

allowance of any Professional fees or expenses of the Debtors, the Committee, any other official

committee appointed in the Cases or otherwise and nothing herein shall affect the right of the

DIP Lender to object to the allowance and payment of such fees and expenses.

38590/0031-5266043v3 March 04, 2009

(Page 18)

| | |
|---|---|
| Debtor: | TARRAGON CORPORATION, *et al.* |
| Case No. | 09-10555(DHS) |
| Caption of Order: | FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 363 AND 364, AND (3) MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 |

5.      Section 506(c) Claims.  No costs or expenses of administration which have been

or may be incurred in the Cases at any time shall be charged against the DIP Lender, its claims,

or the DIP Collateral, pursuant to sections 105, 506(c) or 522 of the Bankruptcy Code, or

otherwise, without the prior written consent of the DIP Lender, and no such consent shall be

implied from any other action, inaction, or acquiescence by the DIP Lender.

6.      DIP Collateral Rights.  Unless the DIP Lender has provided its prior written

consent or all DIP Obligations have been paid in full in cash and all commitments to lend have

terminated, there shall not be entered in these Cases, or in any Successor Cases, any order which

authorizes the obtaining of credit or the incurring of indebtedness that is secured by a security,

mortgage, pledge, or collateral interest or other lien on all or any portion of the DIP Collateral

and/or entitled to priority administrative status which is equal or senior to those granted to the

DIP Lender other than in accordance with this Order.

7.      Proceeds of Subsequent Financing.  Without limiting the provisions and

protections of paragraph 6 above, if at any time following an Event of Default and prior to the

repayment in full of all DIP Obligations and the termination of the DIP Lender's obligation to

make loans and Advances under the DIP Credit Agreement, including subsequent to the

confirmation of any plan of reorganization (a "**Plan**") with respect to the Debtors, the

Borrowers' estates, any trustee(s), any examiner(s) with enlarged powers or any responsible

18

(Page 19)
Debtor:              TARRAGON CORPORATION, *et al.*
Case No.             09-10555(DHS)
Caption of Order:    FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                     GRANTING LIENS AND PROVIDING SUPERPRIORITY
                     ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                     363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                     PURSUANT TO 11 U.S.C. §362

officer appointed in connection with the Cases, shall obtain credit or incur debt pursuant to

Bankruptcy Code section 364 in violation of the DIP Credit Agreement, then all of the cash

proceeds derived from such credit or debt shall immediately be turned over to the DIP Lender in

pro rata reduction of the DIP Obligations.

  (a) <u>Commitment Termination Date</u>. All DIP Obligations of the Debtors to the DIP

Lender shall be immediately due and payable on the Commitment Termination Date, as

described in the DIP Credit Agreement and on the date that is a Termination Declaration Date (as

such term is defined herein). Notwithstanding anything to the contrary herein or in the DIP

Credit Agreement, provided either (1) no Material Budget Deviation has occurred prior to 180

days after the Petition Date, or (2) notwithstanding a Material Budget Deviation, the DIP Lender

consents in writing, then subsection (a) of the definition of Commitment Termination Date on

page A-3 of Annex A to the DIP Credit Agreement shall be deemed amended to replace "one

hundred and eighty (180) days from the Petition Date" with "two hundred and forty (240) days

from the Petition Date". In the event the Commitment Termination Date is amended in

accordance with this paragraph 7(a), then notwithstanding anything to the contrary herein or in

the DIP Credit Agreement, for all periods commencing after 181 days after the Petition Date it

shall be an Event of Default if: (1) the full Commitment amount has been drawn by the

Borrowers, and (2) there shall exist a Material Budget Deviation.

38590/0031-5266043v3 March 04, 2009

(Page 20)
Debtor:            TARRAGON CORPORATION, *et al.*
Case No.           09-10555(DHS)
Caption of Order:  FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                   GRANTING LIENS AND PROVIDING SUPERPRIORITY
                   ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                   363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                   PURSUANT TO 11 U.S.C. §362

8.    Payment Upon Maturity.  The DIP Obligations shall be due and payable in
accordance with the terms of the DIP Credit Agreement, without notice or demand, on the
Commitment Termination Date.

9.    Payment from Proceeds of DIP Collateral.  Net proceeds of all DIP Collateral
(including, for the avoidance of doubt, proceeds from all dispositions of DIP Collateral, whether
or not in the ordinary course) shall be applied to the DIP Obligations consistent with the DIP
Credit Agreement and the terms hereof.

10.   Disposition of DIP Collateral.  Immediately upon the entry of this Order, the
Debtors shall not sell, transfer, encumber or otherwise dispose of any portion of the DIP
Collateral, without the prior written consent of the DIP Lender (and no such consent shall be
implied, from any other action, inaction or acquiescence by the DIP Lender or an order of this
Court), except as provided for in the DIP Credit Agreement and this Order and as approved by
the Bankruptcy Court.

11.   Events of Default; Remedies.

(a)   Events of Default.  An "**Event of Default**" shall have the same meaning as
defined in the DIP Credit Agreement.

(b)   Rights and Remedies Upon Event of Default.

20

(Page 21)

| | |
|---|---|
| Debtor: | TARRAGON CORPORATION, *et al.* |
| Case No. | 09-10555(DHS) |
| Caption of Order: | FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 363 AND 364, AND (3) MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 |

(1)     Immediately upon the occurrence and during the continuation of an Event of Default, (i) the DIP Lender may declare all or any portion of the DIP Obligations to be immediately due and payable all without presentment, demand, protest or further notice of any kind, all of which are expressly waived by the Debtors, and may declare the termination, reduction or restriction of any further commitment to extend credit to the Borrowers to the extent any such commitment remains (the declaration of any of the foregoing being herein referred to as a **"Termination Declaration"** and the date of such declaration being herein referred to as the **"Termination Declaration Date"**), (ii) the DIP Lender may increase the rate of interest applicable to the DIP Loan to the Default Rate under the DIP Credit Agreement, and (ii) the DIP Lender may take any other actions permitted under the DIP Credit Agreement.

(2)     In addition to the remedies described above and other customary remedies, any automatic stay otherwise applicable to the DIP Lender is hereby modified so that upon the occurrence and during the continuance of an Event of Default, and following the giving of ten (10) days' prior written notice (the **"Remedies Notice Period"**) to the Borrowers, the Committee, and the United States Trustee, the DIP Lender shall be entitled to foreclose on all or any portion of the DIP Collateral.  During the Remedies Notice Period, the Debtors shall be entitled to an emergency hearing with the Bankruptcy Court solely to challenge the occurrence of an Event of Default and, unless ordered otherwise prior to the expiration of the

21

(Page 22)
Debtor:                    TARRAGON CORPORATION, *et al.*
Case No.                   09-10555(DHS)
Caption of Order:          FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                           GRANTING LIENS AND PROVIDING SUPERPRIORITY
                           ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                           363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                           PURSUANT TO 11 U.S.C. §362

Remedies Notice Period, the automatic stay, as to the DIP Lender, shall be automatically

terminated at the end of the Remedies Notice Period and without further notice or order.

(3)     If the DIP Lender exercises any of its rights and remedies

upon the occurrence of an Event of Default, upon the expiration of the Remedies Notice Period,

the DIP Lender may retain one or more agents to take possession and control of, sell, lease, or

otherwise dispose of the DIP Collateral.  In any exercise of its rights and remedies upon an Event

of Default under the DIP Credit Agreement, the DIP Lender is authorized to proceed and to

exercise all remedies and to take all actions permissible under or pursuant to the DIP Credit

Agreement and applicable law.

(4)     Subject to the terms of this Order, all proceeds realized from any

of the foregoing (subject to the Carve Out) shall be applied to the DIP Obligations in accordance

with the terms hereof.

(5)     The Bankruptcy Court shall retain jurisdiction with respect to any

and all remedies described in this Order, the DIP Credit Agreement and the Loan Documents,

including any foreclosure or sale of the DIP Collateral, and any objections thereto.

(c)     Modification of Automatic Stay.  The automatic stay imposed under Bankruptcy

Code section 362(a) is hereby modified as necessary to (1) permit the Debtors to grant the DIP

Liens and to incur all liabilities and obligations to the DIP Lender under the DIP Credit

38590/0031-5266043v3 March 04, 2009

(Page 23)
Debtor:                TARRAGON CORPORATION, *et al.*
Case No.               09-10555(DHS)
Caption of Order:      FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                       GRANTING LIENS AND PROVIDING SUPERPRIORITY
                       ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                       363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                       PURSUANT TO 11 U.S.C. §362

Agreement and this Order, and (2) authorize the DIP Lender to retain and apply payments

hereunder.

(d)     Other Remedies.  Nothing included herein shall prejudice, impair, or otherwise

affect (1) the DIP Lender's right to seek any other or supplemental relief in respect of the rights

of the DIP Lender (or its affiliates), as provided in the DIP Credit Agreement or the Loan

Documents, to suspend or terminate providing any form or type of financial accommodation to

the Debtors, including, without limitation, in relation to any of the DIP Loan, the DIP

Obligations, or the DIP Credit Agreement, in accordance with the terms of and to the extent

provided for in the DIP Credit Agreement.

12.     Proofs of Claim.  The DIP Lender will not be required to file proofs of claim in

the Cases or any Successor Cases.

13.     Debtors' Waivers.  At all times during the Cases, and whether or not an Event of

Default has occurred, the Debtors irrevocably waive any right that they may have to seek

authority (i) to obtain post-petition loans or other financial accommodations pursuant to Section

364(c) or 364(d) of the Bankruptcy Code, other than from the DIP Lender or as may be

otherwise expressly permitted pursuant to the DIP Credit Agreement, as a result of which the

DIP Collateral would become encumbered by any lien or claim that primes or is *pari passu* with

the DIP Protections afforded to the DIP Lender (ii) to challenge the application of any payments

23

(Page 24)

| | |
|---|---|
| Debtor: | TARRAGON CORPORATION, *et al.* |
| Case No. | 09-10555(DHS) |
| Caption of Order: | FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 363 AND 364, AND (3) MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 |

authorized by this Order as pursuant to Section 506(b) of the Bankruptcy Code or otherwise, or

(iii) to seek relief under the Bankruptcy Code, including without limitation, under Section 105 of

the Bankruptcy Code, to the extent any such relief would in any way restrict or impair the rights

and remedies of DIP Lender as provided in this Order and the DIP Credit Agreement or the DIP

Lender's exercise of such rights or remedies; provided, however, that DIP Lender may otherwise

consent in writing in its sole and absolute discretion, but no such consent shall be implied from

any other action, inaction, or acquiescence by the DIP Lender.

    14.    <u>Other Rights and Obligations.</u>

    (a)    <u>Good Faith under Section 364(e) of the Bankruptcy Code; No</u>

<u>Modification or Stay of this Order</u>. Based on the findings set forth in this Order and in

accordance with section 364(e) of the Bankruptcy Code, which is applicable to the DIP Loan

contemplated by this Order, in the event any or all of the provisions of this Order are hereafter

modified, amended or vacated by a subsequent order of this or any other Court, the DIP Lender

is entitled to the protections provided in section 364(e) of the Bankruptcy Code and no such

modification, amendment or vacation shall affect the validity and enforceability of any Advances

made hereunder or lien or priority authorized or created hereby. Notwithstanding any such

modification, amendment or vacation, any claim granted to the DIP Lender hereunder arising

prior to the effective date of such modification, amendment or vacation of any DIP Protections

38590/0031-5266043v3 March 04, 2009

(Page 25)

| | |
|---|---|
| Debtor: | TARRAGON CORPORATION, *et al.* |
| Case No. | 09-10555(DHS) |
| Caption of Order: | FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 363 AND 364, AND (3) MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 |

granted to the DIP Lender shall be governed in all respects by the original provisions of this

Order, and the DIP Lender shall be entitled to all of the rights, remedies, privileges and benefits,

including the DIP Protections granted herein, with respect to any such claim. Since the loans

made pursuant to the DIP Credit Agreement are made in reliance on this Order, the obligations

owed the DIP Lender prior to the effective date of any stay, modification or vacation of this

Order cannot, as a result of any subsequent order in the Cases, or in any Successor Cases, be

subordinated, lose its lien priority or superpriority administrative expense claim status, or be

deprived of the benefit of the status of the liens and claims granted to the DIP Lender under this

Order and/or the DIP Credit Agreement.

(b)     Expenses.  As provided in the DIP Credit Agreement and Loan

Documents, the Fees are hereby authorized and shall be paid by the Borrowers.  The DIP Lender

shall provide to the Debtors, the Committee and the U.S. Trustee, on a monthly basis, the total

amount of professional fees incurred per calendar month in the Cases.  Under no circumstances

shall professionals for the DIP Lender be required to comply with the U.S. Trustee fee

guidelines, and such fees and expenses shall not be subject to allowance by the Bankruptcy

Court.

(c)     Binding Effect.  The provisions of this Order shall be binding upon and

inure to the benefit of the DIP Lender, the Debtors and their successors and assigns (including

25

(Page 26)
Debtor:              TARRAGON CORPORATION, *et al.*
Case No.            09-10555(DHS)
Caption of Order:   FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                    GRANTING LIENS AND PROVIDING SUPERPRIORITY
                    ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                    363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                    PURSUANT TO 11 U.S.C. §362

any trustee or other fiduciary hereinafter appointed as a legal representative of the Debtors or

with respect to the property of the estate of the Debtors) whether in the Cases, in any Successor

Cases, or upon dismissal of any such chapter 11 or chapter 7 case, and shall be binding upon all

parties-in-interest in the Debtors' bankruptcy Cases.

(d)     No Waiver. The failure of the DIP Lender to seek relief or otherwise

exercise its rights and remedies under the DIP Credit Agreement or this Order, as applicable,

shall not constitute a waiver of any of its rights hereunder, thereunder, or otherwise.

Notwithstanding anything herein, the entry of this Order is without prejudice to, and does not

constitute a waiver of, expressly or implicitly, or otherwise impair (1) the rights of the DIP

Lender under the Bankruptcy Code or under non-bankruptcy law, including without limitation,

the rights of the DIP Lender to (i) request conversion of any Case to a case under chapter 7,

dismissal of any Case, or the appointment of a trustee in any Case (but only in the event an Event

of Default has occurred and is continuing), or (ii) propose, subject to the provisions of section

1121 of the Bankruptcy Code, a chapter 11 Plan or Plans or (2) any of the rights, claims or

privileges (whether legal, equitable or otherwise) of the DIP Lender.

(e)     No Third Party Rights. Except as explicitly provided for herein, this

Order does not create any rights for the benefit of any third party, creditor, equity holder or any

direct, indirect, or incidental beneficiary.

38590/0031-5266043v3 March 04, 2009

(Page 27)
Debtor:                TARRAGON CORPORATION, *et al.*
Case No.               09-10555(DHS)
Caption of Order:      FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                       GRANTING LIENS AND PROVIDING SUPERPRIORITY
                       ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                       363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                       PURSUANT TO 11 U.S.C. §362

(f)    No Marshaling.  The DIP Lender shall not be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any of the DIP Collateral.

(g)    Amendment.  The Borrowers and the DIP Lender may amend or waive any provision of the DIP Credit Agreement, provided that such amendment or waiver, in the judgment of the Borrowers and the DIP Lender, is neither prejudicial to the rights of third parties nor material.  Except as otherwise provided herein, no waiver, modification, or amendment of any of the provisions hereof shall be effective unless set forth in writing, signed by on behalf of the Borrowers and the DIP Lender and approved by this Court.

(h)    Survival of Order.  The provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered (1) confirming any Plan in the Cases, (2) converting any Case to a case under chapter 7 of the Bankruptcy Code, or (3) dismissing any Case, and the terms and provisions of this Order as well as the DIP Protections granted pursuant to this Order and the DIP Credit Agreement, shall continue in full force and effect notwithstanding the entry of such order, and such DIP Protections shall maintain their priority as provided by this Order until all the obligations of the Debtors to the DIP Lender pursuant to the DIP Credit Agreement and this Order are indefeasibly paid in full and discharged (such payment being without prejudice to any terms or provisions contained in the DIP Credit Agreement which survive such discharge by their terms).  The DIP Obligations shall not be

27

(Page 28)
Debtor:                TARRAGON CORPORATION, *et al.*
Case No.               09-10555(DHS)
Caption of Order:      FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                       GRANTING LIENS AND PROVIDING SUPERPRIORITY
                       ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                       363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                       PURSUANT TO 11 U.S.C. §362

discharged by the entry of an order confirming a Plan, the Borrowers having waived such

discharge pursuant to section 1141(d)(4) of the Bankruptcy Code.  Unless otherwise agreed to

by the DIP Lender, the Debtors shall not propose or support any Plan that is not conditioned

upon the payment in full in cash of all of the DIP Obligations, on or prior to the earlier to occur

of (i) the effective date of such Plan and (ii) the Commitment Termination Date.

(i)    Inconsistency.  In the event of any inconsistency between the terms and

conditions of the DIP Credit Agreement and of this Order, the provisions of this Order shall

govern and control.

(j)    Enforceability.  This Order shall constitute findings of fact and

conclusions of law pursuant to the Bankruptcy Rule 7052 and shall take effect and be fully

enforceable *nunc pro tunc* to the Petition Date immediately upon execution hereof.

(k)    Objections Overruled.  All objections to the DIP Motion to the extent not

withdrawn or resolved are hereby overruled.

(l)    Retention of Jurisdiction.  The Court has and will retain jurisdiction to

enforce this Order according to its terms.

(m)    Transfer Equity/Claims Order:  Nothing contained in any Order relating to

the Debtors' Motion for an Order pursuant to Sections 105(a), 362(a)(3) and 541 of the

Bankruptcy Code (A) Limiting Certain Transfers of Equity Interests of the Debtors and Claims

38590/0031-5266043v3 March 04, 2009

(Page 29)
Debtor:              TARRAGON CORPORATION, *et al.*
Case No.             09-10555(DHS)
Caption of Order:    FINAL ORDER (1) APPROVING POST-PETITION FINANCING, (2)
                     GRANTING LIENS AND PROVIDING SUPERPRIORITY
                     ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§
                     363 AND 364, AND (3) MODIFYING AUTOMATIC STAY
                     PURSUANT TO 11 U.S.C. §362

Against the Debtors and (B) Approving Related Notice Procedures shall in any way

modify, affect or otherwise apply to this Order and the Loan Documents (as such term is defined

in the DIP Credit Agreement), including any and all rights or remedies granted to the DIP Lender

and any right of the DIP Lender to exercise its rights or remedies with respect to the pledged

Tarragon Equity Interests.

38590/0031-5266043v3 March 04, 2009