**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Attorneys for Tarragon Corporation, *et al.*,
Debtors-in-Possession

|  |  |
|---|---|
|  | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY HONORABLE DONALD H. STECKROTH CASE NO. 09-10555 (DHS) |
| In re: TARRAGON CORPORATION, *et al.*,[1] Debtors-in-Possession. | Chapter 11 (Jointly Administered) **NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING ON SEPTEMBER 24, 2009** |

To:    Honorable Donald H. Steckroth
       United States Bankruptcy Judge
                -and-
       All Parties Receiving Electronic Notification
       of Filing via the Court's CM/ECF System

---

[1] The Debtors are Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon L.L.C., Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC, 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park Development East LLC, Vista Lakes Tarragon, LLC, Murfreesboro Gateway Properties, LLC, Tarragon Stonecrest, LLC, MSCP, Inc., Tarragon Stratford, Inc. and TDC Hanover Holdings LLC.

PLEASE TAKE NOTICE that pursuant to the Order Establishing Case Management and Administrative Procedures entered on February 18, 2009, the following matters are currently scheduled to be heard on September 24, 2009 at 10:00 a.m.:

**ADJOURNED MATTERS**:

1.      **Motion**:     Notice of Motion for an Order Pursuant to Sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code (A) Limiting Certain Transfers of Equity Interests of the Debtors and Claims Against the Debtors and (B) Approving Related Notice Procedures (Doc. No. 14).

**Orders:**     Interim Order Pursuant to Sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code (A) Limiting Certain Transfers of Equity Interests of the Debtors and Claims Against the Debtors and (B) Approving Related Notice Procedures (Doc. No. 58); Final Order (A) Limiting Certain Transfers of Equity Interests of the Debtors, (B) Approving Related Notice Procedures, and Interim Order Continuing Restrictions on Transfers of Certain Claims on an Interim Basis (Doc. No. 211); Final Order Pursuant to Sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code (A) Limiting Certain Transfers of Claims Against the Debtors, (B) Approving Related Notice Procedures, and Interim Order Continuing Restrictions on Transfers of Claims as it relates to Taberna Capital Management, LLC and Paradigm Credit Corp. (Doc. No. 300); Interim Order (A) Limiting Certain Transfers of Claims Against the Debtors, (B) Approving Related Notice Procedures as it Relates to Paradigm Credit Corp. (Doc. No. 405); Interim Order (A) Limiting Certain Transfers of Claims Against the Debtors and (B) Approving Related Notice Procedures as it Relates to Paradigm Credit Corp. and Taberna Capital management, LLC (Doc. No. 452); Interim Order Pursuant to Sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code (A) Limiting Certain Transfers of Claims Against the Debtors and (B) Approving Related Notice Procedures as it Relates to Paradigm Credit Corp. and Taberna Capital Management, LLC (Doc. No. 582); Interim Order Pursuant to Sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code (A) Limiting Certain Transfers of Claims Against the Debtors and (B) Approving Related Notice Procedures as it Relates to Taberna Capital Management, LLC (Doc. No. 689).  Interim Order Pursuant to Sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code (A) Limiting Certain Transfers of Claims Against the Debtors and (B) Approving Related Notice Procedures as it Relates to Taberna Capital Management, LLC (Doc. No. 717);  Interim Order Pursuant to Sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code (A) Limiting Certain Transfers of Claims Against the Debtors and (B) Approving Related Notice Procedures as it Relates to Taberna Capital Management, LLC (Doc. No. 773);  Interim Order Pursuant to Sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code (A) Limiting Certain Transfers of Claims Against the Debtors and (B) Approving Related Notice Procedures as it Relates to Taberna Capital Management, LLC (Doc. No. 804); Interim Order Pursuant to Sections 105(a);  Interim Order Pursuant to Sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code (A) Limiting Certain Transfers of Claims Against the Debtors and (B)

38590/0031-6004001v1

Approving Related Notice Procedures as it Relates to Taberna Capital Management, LLC (Doc. No. 961).

**Objection Deadline:** Pursuant to the Interim Order Limiting Certain Transfers of Equity Interests of the Debtors' and Claims Against the Debtors (Doc. No. 58), objections were due by February 13, 2009. The Debtors agreed to extend the objection deadline for Taberna Capital Management LLC to February 26, 2009.

**Objection:** Objection filed on behalf of Paradigm Credit Corp. (Doc. No. 171).

**Objection**: Objection filed on behalf of Taberna Preferred Funding II, Ltd., *et al*. (Doc. No. 270).

**Response***:* Debtors' Response to the Objections of Taberna Capital Management LLC and Paradigm Credit Corp. (Doc. No. 285).

**Status:** The objection filed by Paradigm Credit Corp. (Doc. No. 171) has been withdrawn (Doc. No. 586). Taberna Preferred Funding II, Ltd., *et al* has consented to an adjournment of this matter to October 8, 2009, at 10:00 a.m.

2. **Disclosure Statement** – Disclosure Statement filed on behalf of Tarragon Corporation, et al. (Doc. No. 923); Order and Notice on Disclosure Statement (Doc. No. 926).

**Objections:** Objection to Proposed Disclosure Statement filed on behalf of Lead Plaintiff (Doc. No. 982); Limited Objection to Disclosure Statement filed on behalf of A.J.D. Construction Company (Doc. No. 984); Objection to Disclosure Statement filed on behalf of J. Frederick Welling, Judson Welling (Doc. No. 989); Objection to Disclosure Statement filed on behalf of Regions Bank (Doc. No. 1021).

**Status:** The hearing on the Disclosure Statements, and the objections filed on behalf of Lead Plaintiff, A.J.D. Construction Company, J. Frederick Welling, Judson Welling, and Regions Bank, have been adjourned to October 8, 2009, at 10:00 a.m.

3. **Motion**: Notice of Motion for an Order: (A) Approving the Adequacy of Disclosure Statement Pursuant to 11 U.S.C. Section 1125(b); (B) Fixing a Record Date for Voting and Procedures for Objecting to Plan and Temporary Allowance or Disallowance of Claims; (C) Approving Solicitation Packages and Distribution Procedures for Same; (D) Approving Form of Ballot and Procedures for Voting on Plan of Reorganization; and (E) Scheduling a Confirmation Hearing and Approving Notice and Procedures for Objecting to Plan Confirmation, filed on behalf of the Debtor. (Doc. No. 964).

3

**Objections:**    Limited Objection to Motion Approving the Adequacy of the Disclosure Statement filed on behalf of Las Olas Riverhouse Condominium Association (Doc. No. 983); Limited Objection to Disclosure Statement on behalf of A.J.D. Construction Company (Doc. No. 984); Objection to Adequacy of Disclosure Statement filed on behalf of Bordeaux Condominium Association, Inc., The Hamptons at MetroWest Condominium Association, Inc., a Florida Non-Profit Corporation, Waterstreet at Celebration, Condominium Association, Inc., a Florida Non-Profit Corporation (Doc. No. 986); Objection to Plan of Reorganization filed on behalf of Northland Investment Corp. (Doc. No. 1024); Limited Objection to Motion Approving the Adequacy of the Disclosure Statement filed on behalf of One Hudson Park Condominium Association, Inc. (Doc. No. 1031); Limited Objection of 1200 Grand Street Condominium Association to Disclosure Statement, and Joinder to Limited Objection of Las Olas Riverhouse Condominium Association (Doc. No. 1069).

**Cross-Motion:**    Cross Motion and Limited Objection of Waterstreet at Celebration Condominium Association, Inc., The Hamptons at Metrowest Condominium Association, Inc. and Bordeaux Condominium Association to Motion for Approving the Adequacy of the Disclosure Statement (Doc. No. 1019)

**Status:**    The hearing on the Motion for Approval of the Adequacy of the Disclosure Statement, the objections filed on behalf of Las Olas Riverhouse Condominium Association, A.J.D. Construction Company, Bordeaux Condominium Association, Inc., The Hamptons at Metro West Condominium Association, Inc., Waterstreet at Celebration, Condominium Association, Inc., Northland Investment Corp., One Hudson Park Condominium Association, Inc., 1200 Grand Street Condominium Association, Inc., and the Cross-Motion filed on behalf of Waterstreet at Celebration Condominium Association, Inc., The Hamptons at Metrowest Condominium Association, Inc. and Bordeaux Condominium Association have been adjourned to October 8, 2009 at 10:00 a.m.

4.    **Motion**:    Debtor's Motion Objecting to Claims of Northland Portfolio L.P., et al (claim No. 383) and Northland Fund II Partners LLC, as General Partner of Northland Fund II, L.P. (Claim No. 353). (Doc. No. 885)

**Objection**:    Objection filed by Northland Investment Corp. (Doc. No. 1018).

**Status**:    This matter has been adjourned to October 8, 2009, at 10:00 a.m.

**ADJOURNED ADVERSARY MATTERS:**

**In the Matter of Tarragon Corporation, et al v. Northland Portfolio, L.P., et al. (Adv. Pro. No. 09-1469)**

1.    **Hearing**:    Pre-Trial Hearing.

4

**Status:**   This matter has been adjourned to October 8, 2009, at 10:00 a.m.

38590/0031-6004001v1

**UNCONTESTED MATTERS**:

1.  **Application:**  Application for Entry of Consent Order (A) Authorizing Interim Use of Cash Collateral of Bank of America, N.A. Pursuant to 11 U.S.C. Sections 363 and Granting Adequate Protection and (B) Scheduling a Final Hearing Pursuant to 11 U.S.C. Section 363(c)(2) and Fed. R. Bankr. P. 4001 (Doc. No. 592).

    **Orders:**  Consent Order Authorizing 800 Madison Street Urban Renewal, LLC to Use the Cash Collateral of Bank of America, N.A. Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing (Doc. No. 643); Order Further Authorizing 800 Madison Street Urban Renewal, LLC to Use the Cash Collateral of Bank of America, N.A. Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing (Doc. No. 722); Order Further Authorizing 800 Madison Street Urban Renewal, LLC to Use the Cash Collateral of Bank of America, N.A. Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing (Doc. No. 842).

    **Status:**    This matter is going forward.

2.  **Motion**:    Notice of Motion by Bermuda Island Tarragon LLC for an Order (A) Authorizing Interim Use of Bank of America N.A.'s Cash Collateral Pursuant to 11 U.S.C. §§361 and 363 and Granting Adequate Protection; and (B) Scheduling Final Hearing Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 (Doc. No. 236).

    **Orders**:   Interim Order Authorizing Bermuda Island Tarragon LLC to Use the Cash Collateral of Bank of America N.A. Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing (Doc. No. 277); Interim Order Further Authorizing Bermuda Island Tarragon LLC to Use the Cash Collateral of Bank of America N.A. Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing (Doc. No. 379); Interim Order Further Authorizing Bermuda Island Tarragon LLC to Use the Cash Collateral of Bank of America N.A. Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing (Doc. No. 680); Interim Order Further Authorizing Bermuda Island Tarragon LLC to Use the Cash Collateral of Bank of America N.A. Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing (Doc. No. 716); Interim Order Further Authorizing Bermuda Island Tarragon LLC to Use the Cash Collateral of Bank of America N.A. Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing (Doc. No. 841).

    **Status**:    This matter is going forward.

3. **Motion:** Motion for an Order Further Extending the Time Within Which the Debtors May File Notices of Removal Pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006 and 9027 (Doc. No. 1026).

**Objection Deadline**: September 17, 2009.

**Objection**: None filed as of the date of this Agenda.

**Status:** This matter is going forward.

**UNCONTESTED ADVERSARY PROCEEDINGS**:

**In the Matter of Tarragon Corporation, et al v. Brown's Farm and Chris Pardue, (Adv. Pro. No. 09-1867)**

1. **Hearing**: Pre-Trial Hearing.

   **Status:** This matter is going forward.

**CONTESTED MATTERS:**

1. **Motion:** Motion for an Order Approving a Settlement Agreement with Bank of America, N.A. Pursuant to Fed. R. Bankr. P. 9019; (B) for a Final Order (I) Approving Post-Petition Financing for 800 Madison Street Urban Renewal LLC, (II) Granting Liens and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. Sections 363 and 364 and (III) Modifying Automatic Stay Pursuant to 11 U.S.C. Section 362; and (C) Granting Related Relief, filed on behalf of the Debtor. (Doc. No. 966).

**Objection:** Objection filed on behalf of Mia M. Macri Irrevocable Living Trust, Frank Raia. (Doc. No. 1020).

**Response**: Debtors' Reply to Objection of Mia M. Macri Irrevocable Living Trust, Frank Raia (Doc. No. 1038).

**Status:** This matter is going forward.

2. **Motion:** Motion for Relief from Stay filed on behalf of Gerry D. Mullins, Jr., David G. Spiers, RODC, LLC, Builders Technical Services, Inc., J. Robert Day, Asbury Place Development, Ltd. (Doc. No. 942).

**Objection**: Objection filed on behalf of the Debtor (Doc. No. 1022).

**Status:** This matter is going forward.

        COLE, SCHOTZ, MEISEL,
        FORMAN & LEONARD, P.A.
        Attorneys for Tarragon Corporation, *et al.*,
        Debtors-in-Possession

By*:*   */s / Michael D. Sirota*
        Michael D. Sirota
        Warren A. Usatine

DATED: September 22, 2009