**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Telecopier
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Attorneys for Debtors-in-Possession, Tarragon Corporation, *et al.,*

|  |  |
|---|---|
|  | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HONORABLE DONALD H. STECKROTH<br>CASE NO. 09-10555 (DHS) |
| In re:<br><br>TARRAGON CORPORATION, *et al.,*<br><br>Debtors-in-Possession. | Chapter 11<br>(Jointly Administered)<br><br>**NON-MATERIAL MODIFICATIONS TO DEBTORS' SECOND AMENDED AND RESTATED JOINT PLAN OF REORGANIZATION** |

Tarragon Corporation, *et al.*, the within debtors and debtors-in-possession (collectively, the "Debtors"),[1] by and through their counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A.,

---

[1] The Debtors are Tarragon Corporation, Tarragon Development Corporation, Tarragon South Development Corp., Tarragon Development Company LLC, Tarragon Management, Inc., Bermuda Island Tarragon LLC, Orion Towers Tarragon, LLP, Orlando Central Park Tarragon, L.L.C., Fenwick Plantation Tarragon LLC, One Las Olas, Ltd., The Park Development West LLC 800 Madison Street Urban Renewal, LLC, 900 Monroe Development LLC, Block 88 Development, LLC, Central Square Tarragon LLC, Charleston Tarragon Manager, LLC, Omni Equities Corporation, Tarragon Edgewater Associates, LLC, The Park Development East LLC, Vista Lakes Tarragon, LLC, Murfreesboro Gateway Properties LLC, Tarragon Stonecrest, LLC, MSCP, Inc., TDC Hanover Holdings LLC and Tarragon Stratford, Inc.

hereby submit these Non-Material Modifications to the Second Amended and Restated Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated May 11, 2010 (the "Plan").[2]

The Debtors seek to make certain non-material modifications to the Plan. Such modifications will have no material impact upon the treatment of creditors. Those modifications are as follows:

1. The Debtors hereby delete Sections 4.15, 4.16, 4.17, 4.18, 4.21, 4.24, 4.25 and 4.26 of the Plan.

2. The Debtors hereby add Section 7.1(B)(7) of the Plan. Section 7.1(B)(7) of the Plan provides as follows:

> 7. <u>Transfer of Legal Interest to Ansonia Mezzco, LLC</u>
>
> On the Effective Date, Tarragon Corp. shall transfer all legal title to the Interest, as such term is defined in the Rescission and Transfer of Beneficial Ownership by and between Tarragon Corp. and Ansonia Mezzco, LLC as of November 30, 2007, to Ansonia Mezzco.

3. The Debtors hereby supplement Section 7.1(I) to provide as follows:

> Friedman and Rothenberg shall receive a salary of $200,000 and $45,000, respectively, from Reorganized Tarragon, consistent with the Debtors' Cash Flow Projections attached as Exhibit D to the Disclosure Statement.

4. The Debtors hereby add Section 7.1(N) of the Plan. Section 7.1(N) of the Plan shall provide as follows:

> (N) Implementation of the Transaction with GECC and the Plan
>
> 1. <u>Guaranty by New Ansonia</u>
>
> On or before the Effective Date, New Ansonia shall execute and deliver to GECC certain guarantees of and joinders and indemnities and/or assumptions and reaffirmations with respect to, the Buckland Hills Loan (as defined below), the

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

Harbour Green Loan (as defined below), the Whispering Oaks Loan (as defined below) and the GECC Ansonia Loan whereby New Ansonia shall: (i) guarantee and/or indemnify and/or provide joinders with respect to the same obligations guaranteed, indemnified or covered by joinders by Tarragon Corp. under the Tarragon Corp. GECC Guarantees and any indemnities and joinders with respect to the Buckland Hills Loan, the Harbour Green Loan, the Whispering Oaks Loan and the GECC Ansonia Loan, as the case may be; and (ii) guarantee and/or indemnify and/or provide joinders with respect to the same obligations guaranteed, indemnified or covered by joinders by Tarragon Dev. LLC under the Tarragon Dev. LLC Guaranty and any indemnities and joinders with respect to the Buckland Hills Loan, the Harbour Green Loan, the Whispering Oaks Loan and the GECC Ansonia Loan, as the case may be (collectively, the "New Ansonia GECC Guarantees"). The New Ansonia GECC Guarantees shall be substantially same as the Tarragon Corp. GECC Guarantees, the Tarragon Dev. LLC Guaranty and such previously delivered indemnities and joinders by Tarragon Corp. and Tarragon Dev. LLC, as applicable, and reasonably satisfactory to GECC.  As used herein, the term "Buckland Hills Loan" shall mean the loan in the original principal amount of up to $47,000,000 made by GECC to Manchester Tolland Development, LLC on March 27, 2007 with respect to the project known as The Vintage at the Grove located in Buckland Hills, Manchester, Connecticut.  As used herein, the term "Harbor Green Loan" shall mean the loan in the original principal amount of up to $17,627,130 made by GECC to RI Panama City LLC on September 29, 2006 with respect to the project known as Harbour Green located in Panama City, Florida.  As used herein, the term "Whispering Oaks Loan" shall mean the loan in the original principal amount of up to $32,000,000 made by GECC to Tradition Tarragon, LLC on August 29, 2005 with respect to the project known as Tradition at Palm Aire located in Whispering Oaks at Palm Aire, Sarasota, Florida.

2. <u>Amendment and Reaffirmation of Ansonia Mezzco Pledge in favor of GECC</u>

On or before the Effective Date, Ansonia Mezzco, LLC shall amend its pledge of its interests in the Ansonia entities to include the New Ansonia Acquired Interests and reaffirm such pledge, as so amended. The aforementioned amendment and reaffirmation agreement shall be reasonably satisfactory to GECC.

3. <u>Pledge by New Ansonia in favor of GECC</u>

On or before the Effective Date, as security for the obligations under the New Ansonia GECC Guarantees, New Ansonia shall execute and deliver to GECC a pledge and security agreement (and financing statements) in favor of GECC whereby New Ansonia shall pledge and assign to GECC all of its interests in the New Ansonia Acquired Interests with respect to Ansonia Apartments, LP, RI Panama City LLC, Tradition Tarragon, LLC, Manchester Tolland Development LLC and Vineyard at Eagle Harbor LLC (the "New Ansonia GECC Pledge Agreement"). The New Ansonia GECC Pledge Agreement shall be substantially

3

same as the existing pledge and security agreements dated November 30, 2005 in favor of GECC with respect to the GECC Ansonia Loan and reasonably satisfactory to GECC.

4. <u>Assumption, Joinder and Reaffirmation with respect to Guaranty of the Non-Recourse Exceptions for the GECC Ansonia Loan</u>

On or before the Effective Date, Rothenberg, William S. Friedman and New Ansonia will execute and deliver such an agreement pursuant to which William S. Friedman will reaffirm his obligations under that certain Amended and Restated Guaranty of Non-Recourse Exceptions, dated June 30, 2006, by and among GECC, Tarragon Corp. and William S. Friedman (the "Existing GECC Non-Recourse Exceptions Guaranty"), New Ansonia will assume all of Tarragon Corp.'s obligations thereunder and Rothenberg will agree to be liable under the Existing GECC Non-Recourse Exceptions Guaranty for the same obligations guaranteed by William S. Friedman thereunder joint and severally with William S. Friedman. The aforementioned agreements shall be reasonably satisfactory to GECC.

5. <u>Omnibus Reaffirmation of Loan Documents for GECC Ansonia Loan, Buckland Hills Loan, Harbour Green Loan and Whispering Oaks Loan</u>

On or before the Effective Date, the borrowers (in their capacity as borrowers, guarantors and/or indemnitors, as applicable) and the pledgors under the GECC Ansonia Loan, the Buckland Hills Loan, the Harbour Green Loan and the Whispering Oaks Loan, as applicable, shall execute and deliver to GECC omnibus ratification and reaffirmation agreements with respect to the loan documents evidencing the GECC Ansonia Loan, the Buckland Hills Loan, the Harbour Green Loan and the Whispering Oaks Loan, as applicable. The aforementioned ratification and reaffirmation agreements shall be reasonably satisfactory to GECC.

6. <u>Subordination of Management Agreements and Management Fees</u>

On or before the Effective Date, Tarragon Corp. shall cause Beachwold Manager and Jupiter Communities LLC or its designee ("Jupiter") to execute and deliver: (A) management agreements for each of the properties covered by the GECC Ansonia Loan, the Buckland Hills Loan, the Harbour Green Loan and the Whispering Oaks Loan, reasonably satisfactory to GECC; and (B) subordination of management agreements and management fees in favor of GECC whereby, as applicable: (i) Beachwold Manager subordinates the Beachwold Property Management Agreement and all fees payable to Beachwold Manager thereunder to the obligations owed to GECC under the GECC Ansonia Loan, the Buckland Hills Loan, the Harbour Green Loan and the Whispering Oaks Loan; and (ii) Jupiter subordinates the Jupiter Management Agreement and all fees payable to Jupiter thereunder to the obligations owed to GECC under the GECC Ansonia

38590/0031-6777154v2

    Loan, the Buckland Hills Loan, the Harbour Green Loan and the Whispering Oaks Loan (collectively, the "Subordination of Management Agreements").  The Subordination of Management Agreements shall be substantially the same as the existing subordination of management agreements delivered in connection with the GECC Ansonia Loan, the Buckland Hills Loan, the Harbour Green Loan and the Whispering Oaks Loan, as applicable.

5.  The Debtors hereby add Section 10.7 of the Plan.  Section 10.7 of the Plan shall provide as follows:

    <u>Dismissal of Bankruptcy Cases.</u>  On the Effective Date, the Chapter 11 cases of Block 88, Central Square, Stratford, MSCP and Hanover shall be dismissed pursuant to 11 U.S.C. § 1112(a).  Within thirty days of the Effective Date, the Debtors shall file a motion pursuant to 11 U.S.C. § 1112(a), on notice to all creditors, to dismiss the Chapter 11 cases of Charleston, Omni, and Vista.  Any and all references to Block 88, Central Square, Stratford, MSCP, Hanover, Charleston, Omni and Vista continuing to be a Debtor that that is being reorganized under the Plan shall hereby be deleted.

              Respectfully submitted,

               COLE, SCHOTZ, MEISEL,
               FORMAN & LEONARD, P.A.
               Attorneys for Tarragon Corporation, *et al.*

               By: */s/ Michael D. Sirota*
                 Michael D. Sirota
                 Warren A. Usatine

DATED:  June 8, 2010