NOT FOR PUBLICATION

FILED
JAMES J. WALDRON, CLERK

SEPT. 24, 2010

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ Ronnie Plasner, DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>**TARRAGON CORPORATION,** *et al.***,**<br><br>    Debtors-in-Possession.<br><br>**LYMARIE RODRIGUEZ,** *et al.***,**<br><br>    Claimants,<br><br>v.<br><br>**TARRAGON CORPORATION,** *et al.***,**<br><br>    Defendants. | Case No.:   09-10555 (DHS)<br><br>Judge:   Donald H. Steckroth, U.S.B.J. |

**OPINION**

**APPEARANCES:**

**PAUL L. ORSHAN, P.A.**
Paul L. Orshan, Esq.
2506 Ponce de Leon Boulevard
Coral Gables, Florida 33134
*Counsel for Claimant*
 *on behalf of herself and others similarly situated*

**KELLY & BRENNAN, P.C.**
Andrew J. Kelly, Esq.
1011 State Route 71, Suite 200
Spring Lake, New Jersey 07762
*Local Counsel for Claimant*
*on behalf of herself and others similarly situated*

**COLE SCHOTZ MEISEL FORMAN & LEONARD, P.A.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Ilana Volkov, Esq.
Court Plaza North
25 Main Street
Hackensack, New Jersey 07602
*Counsel for Defendants*

**FORMAN HOLT ELIADES & RAVIN, LLC**
Harry Gutfleish, Esq.
80 Route 4 East, Suite 290
Paramus, New Jersey 07652
*Counsel for the Secured Creditors' Committee*

### THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE

Before the Court is the Debtor/Defendants' motion to expunge purported class proofs of claim filed by Lymarie Rodriguez, also known as Lynnmarie Rodriguez ("Claimant"), on behalf of herself and others similarly situated. The class claims stem from the Debtor/Defendants' alleged failure to disclose pertinent information to purchasers of condominium units at Vista Lakes in Orlando, Florida. The Claimant sought relief in Florida state court before the Debtor/Defendants filed bankruptcy. Thereafter, she dropped those claims asserted in the state court action and timely filed five identical proofs of claim with this Court.

The Debtor/Defendants argue that the Claimant (1) provided insufficient supporting documentation, (2) has not and could not obtain class certification after a delay in seeking certification, (3) has not complied with Federal Rule of Bankruptcy Procedure 2019, and (4) that the claims are impermissibly duplicative. The Claimant asserts that her class claims meet the requirements of Federal Rule of Civil Procedure 23. Further, she argues that the delay is justified because certification may not be sought until objection is made and that a Rule 2019 filing is not necessarily needed in the case of a class action. For the reasons that follow, the Court grants the Debtor/Defendants' motion to expunge the class proofs of claim.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

### PROCEDURAL HISTORY AND STATEMENT OF FACTS

On or about July 9, 2008, the Claimant filed a class action complaint against Debtors Tarragon Corp., Tarragon Development Corp., TDC, TMI, and Vista Tarragon ("Defendants") in the Circuit Court, Ninth Judicial Circuit of Orange County, Florida.[1] (Defs.' Br. in Supp. of Mot. to Expunge 4.) The complaint alleged that the Defendants did not disclose that condominium units offered for sale and subsequently purchased at Vista Lakes in Orlando, Florida ("Vista Lakes") were near a former Army bomb testing facility.[2] (*Id*. at 5.) On January 12-13, 2009, the Defendants filed a chapter 11 bankruptcy in this Court. (Pl.'s Br. in Opp'n to Mot. to Expunge 3.)

On February 13, 2009, the Defendants filed suggestions of bankruptcy with the Florida state court. (Defs.' Br. in Supp. of Mot. to Expunge 5.) On March 5, 2009, this Court entered an order fixing May 4, 2009 as the date by which non-governmental creditors had to file a proof of claim against Tarragon or any related entities. (*Id*. at 3.) On March 13, 2009, the Claimant,

---

[1] *Lymarie Rodriguez v. Tarragon Corp., et al.*, Case No. 48-2008-CA-016343-O

[2] As of March 17, 2009, after the Florida state court entered an order dismissing certain claims against the Defendants, the only claims that survive the order are purportedly nondisclosure and deceptive acts or practices against only Vista Tarragon. (Pl.'s Br. in Opp'n to Mot. to Expunge 6-7.)(Certif. of Robert Robbins ¶8-9.)

along with all other Vista Lake residents and known creditors of Vista Tarragon, were subsequently informed by Kurtzman Carson Consultants ("KCC"), the Claims and Noticing Agent for the Debtors' estates, of the May 4 bar date. (*Id*. at 5.) On April 5, 2009, in state court, as a consequence of the automatic stay, the Claimant filed a second amended complaint that did not assert claims against the Defendants, but stated "[Claimant] will maintain her claims against the Debtor[] [Defendants] in. . .bankruptcy court." (Pl.'s Br. in Opp'n to Mot. to Expunge 5.) (Pl.'s Sec. Am. Compl. at 2 n.1.)

On May 2, 2009, the Claimant filed five identical proofs of claim on behalf of herself and others similarly situated. (Defs.' Br. in Supp. of Mot. to Expunge 2-3) The Claims were brought against TDC, Vista Tarragon, TMI, Tarragon Development Corp., and Tarragon Corp., each in the amount of $50,000,000 for "Breach, Rescission, [and] Fraud." (*Id*.) The Claimant attached the second amended complaint from the state action as support for her proof of claim. As noted above, the second amended complaint makes no assertions or allegations against the Defendants. (*Id*. at 11.) Instead, it announces her intent to pursue the claims in bankruptcy court. (Pl.'s Br. in Opp'n to Mot. to Expunge 5.) Lastly, the Claimant has neither been granted nor has she moved for class certification in this Court.[3] (Defs.' Br. in Supp. of Mot. to Expunge 14.)

At present, the Defendants seek an order expunging the class proofs of claim pursuant to 11 U.S.C. § 502(b) and Federal Rule of Bankruptcy Procedure 3007.

## **DISCUSSION**

**I.    Class Proof of Claims**

The right to file a proof of claim is governed by § 501 of the Bankruptcy Code. 11 U.S.C. § 501. Class proofs of claims are not specifically allowed under § 501. Still, the majority of courts agree that such claims are permissible in a bankruptcy case. *In re Spring Ford Industries*, Case No. 02-15015, 2004 Bankr. Lexis 112, at *6 (Bankr. E.D. Pa. Jan. 20, 2004); *See In re Musicland Holding Corp.*, 362 B.R. 644, 650 (Bankr. S.D.N.Y. 2007). While "[t]he class proof of claim device may be utilized in appropriate contexts, [] [] such contexts should be chosen most sparingly." *In re Sacred Heart Hospital of Norristown*, 177 B.R. 16, 22 (Bankr. E.D. Pa. 1995).

After filing a class proof of claim, a claimant will usually file a motion for class certification to obtain the benefit of Federal Rule of Civil Procedure 23, pursuant to Bankruptcy Rule 7023. The timing and procedural context in which such motion must be made varies by jurisdiction. The Eleventh Circuit has held that a motion for class certification cannot be made until an objection to the class proof of claim is filed. *See In re Charter Co.*, 876 F.2d 866 (11th Cir. 1989). Courts in the Southern District of New York have rejected this proposition stating "such a construction . . . would mean that a debtor . . . could prevent the claimant from asking the

---

[3] On December 3, 2009, the Florida state court entered an order to stay the state court action pending the outcome of another matter, known as the Virgilio Matter, which involves identical claims and has reached the class certification stage. Thus, the Claimant has not yet been considered for class certification in the state action. (Defs.' Br. in Supp. of Mot. to Expunge 8.)

bankruptcy court to apply Rule 23 simply by withholding their objections until the eve of confirmation and then move to expunge the class claim on the grounds that applying Rule 23 would unduly delay distribution." *In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 6 (S.D.N.Y. 2005).

In accord with the Southern District of New York, this Court has held a motion for class certification was timely when filed *with* a proof of claim. *In re First Interregional Equity Corp.*, 227 B.R. 358 (Bankr. D.N.J. 1998). Thus, the applicability of Rule 7023 is ripe and appropriately considered at this stage.

## II. Applicability of Federal Rule of Civil Procedure 23

Class actions are governed by Federal Rule of Civil Procedure 23, applicable in bankruptcy proceedings through Bankruptcy Rule 7023. Fed. R. Civ. P. 23; Fed. R. Bankr. P. 7023. Generally, "class proofs of claims should be permitted . . . when the bankruptcy judge has exercised his or her discretion under Rule 9014 to apply Rule 23 to a contested matter." *In re Zenith*, 104 B.R. 659, 664 (Bankr. D.N.J. 1989). However, "[b]ankruptcy significantly changes the balance of factors to be considered in determining whether to allow a class action and . . . class certification may be 'less desirable in bankruptcy than in ordinary civil litigation'." *Ephedra*, 329 B.R. at 5 (quoting *In re American Reserve Corp.*, 840 F.2d 487, 493 (7th Cir. 1988). In fact, a class action may be certified in a non-bankruptcy court and yet be subsequently disallowed to proceed in class form in the bankruptcy setting. *In re Zenith*, 104 B.R. at 664.

In cases where a Rule 23 determination is not timely made in another court, the bankruptcy court must first decide whether Rule 7023 should be invoked. *In re Craft*, 321 B.R. 189, 198 (Bankr. N.D. Texas 2005). In determining whether or not to make Rule 7023 applicable, the court may exercise its sound discretion. *See Reid v. White Motor Corp.*, 886 F.2d 1470 ("Rule 9014 delegates wide discretion to the bankruptcy judge in considering certification of class proofs of claim pursuant to Rule 7023 in a contested matter.").

The Bankruptcy Code and Rules do not offer express guidance on the applicability of Rule 23. However, a "pervasive theme is avoiding undue delay in the administration of the case." *Ephedra*, 329 B.R. at 5. There is no bright-line rule setting the clock within which a claimant must move for certification. Rather, the facts determine when a delay is undue. *See Spring Ford*, 2004 Bankr. Lexis 112, at *15 (finding a motion timely when filed a year after the class proof of claim); *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 370 (Bankr. S.D.N.Y. 1997) (motion for class certification never made); *In re Fleet*, 76 B.R. 1001, 1004 (Bankr. E.D. Pa. 1987) (allowed claimants' motion for certification four years after filing their complaint).

## III. Undue Delay

Federal Rule of Civil Procedure 23(c)(1) requires that class certification be sought "[a]s soon as practicable after the commencement of an action brought as a class action . . . ." Fed. R. Civ. P. 23(c)(1). Though "[a] delay does not automatically disqualify the class claim, it bears on the exercise of the discretion whether to apply Rule 23." *In re Musicland*, 362 B.R. at 652; *See In*

*re Thomson McKinnon Securities, Inc.*, 150 B.R. 98, 101 (Bankr. S.D.N.Y. 1992) (class claim expunged for failure to fulfill requirements of Rule 23). "We believe that the more thoughtful cases on this topic focus upon two considerations: (1) Does the moving party have a justifiable reason for the delay? and (2) Is the opposing party unfairly prejudiced by the delay? We should further observe that we consider the second of these questions to be the more important of the two." *In re Fleet*, 76 B.R. at 1006.

In bankruptcy, a "delay may impact the entire case – not just the affected claim – and provides grounds for a bankruptcy court to refuse to make Rule 23 applicable to the claims process." *Woodward*, 205 B.R. at 370. "As the case in chief moves toward its conclusion, it is more likely that a delay in resolving the certification issue will interfere with the administration of the estate." *Id*. If the claimant waits until a post confirmation claim objection to first bring the issue to the court, serious prejudice may result to the other creditors and the estate.[4] *Id*. In addition, prejudice to the debtor is compared with any prejudice that may befall other stakeholders, including potential plaintiffs. *See In re Fleet*, 76 B.R. at 1007. The judicial gloss on when the court – should or should not – exercise its discretion is of little help,

> [t]hose courts that would equate the determination of a class under Rule 7023 with the determination of whether to apply Rule 7023 do not recognize the concerns peculiar to bankruptcy law – which are the appropriate bases for exercise of discretion under Rule 9014. These concerns properly include, to a greater or lesser degree, prejudice to the debtor or its other creditors, prejudice to putative class members, efficient estate administration, the conduct in the bankruptcy case of the putative class representatives, and the status of proceedings in other courts.

*In re Craft*, 321 B.R. at 198-199; *See Reid*, 886 F.2d at 1470-71 (affirming bankruptcy court's denial of class proof of claim because attorney failed to timely petition bankruptcy court to apply Rule 7023).

In *Fleet*, the court agreed that a timely class determination would have been more effective in notifying unnamed class plaintiffs than would be the case if certification were granted five or so years after the defendants closed shop. *In re Fleet*, 76 B.R. at 1006. Despite the delay, the court found that since the defendants were no longer doing business, the only practical relief for the unnamed plaintiffs was strictly monetary relief. *Id*. at 1001. Thus, the bankruptcy court allowed a certification motion to proceed where expungement would cause "extreme prejudice" to the unnamed class plaintiffs. *Id*. at 1007.

---

[4] The *Woodward* court, ultimately denying class certification, found prejudice precluding the applicability of Rule 23. The movant never moved for certification and the court noted that a liquidating plan had been confirmed and the debtor sold all assets, making an approximate 70% distribution to unsecured creditors. "If the debtor must now spend the time and money litigating the class certification questions and paying a class claim, this may jeopardize further distributions, and eventually, require disgorgement." *Woodward*, 205 B.R. at 370.

In the instant matter, no such prejudice to the Claimant, or any members of the putative class, is apparent. The plaintiffs, named or unnamed, received actual notice of the claim bar date by KCC. Though they may not have known of the Claimant's class proofs of claim, they had an opportunity to investigate and pursue potential individual claims and did not do so.

Here, the claim may have been permissible if the Claimant could justify the delay. However, the Claimant has not alleged any facts adequate to provide justification for her delay in bringing a motion for class certification. Finally, and most importantly, we consider prejudice to the Defendants caused by the delay. A Plan of Reorganization has been confirmed with support of all creditor groups and subsequently implemented by the Defendants. "[T]he granting of class action claims at this late juncture would wholly disrupt and undercut the expeditious execution of the Plan of Reorganization." *Ephedra*, 329 B.R. at 4. The claims filed by the Claimant are not insignificant as filed. The requested relief numbers in the tens of millions and would undoubtedly upset the administration of the Defendants' Plan.

Consequently, applying Rule 23 at this late stage would be wholly inconsistent with the efficiency goals of the Bankruptcy Code. Here, more than a year after the class proof of claim was filed, the Claimant has yet to move for the application of Federal Rule of Civil Procedure 23 pursuant to Bankruptcy Rule 7023. A class action under these facts works in opposition to the goals of bankruptcy. Not only has there been no pre-petition, non-bankruptcy certification,[5] but the putative class was given actual notice of the Defendants' bankruptcy case and claim bar date. If allowed to proceed, the Claimant's unexplained delay in moving for class certification would inflict unjustifiable harm on the Defendants and their other creditors. Thus, for the above reasons, the Court will deny application of Bankruptcy Rule 7023.

## **CONCLUSION**

Though a class proof of claim may be filed in a bankruptcy court, a claimant must move for class certification without undue delay. Undue delay has occurred where a claimant has not justified the delay and allowing the class to continue would cause prejudice to the debtor and its creditors. Here, the Claimant has failed to justify her inactivity in pursuing her claims in this Court. Further, and most notably, allowing the claims to continue would be prejudicial to the Defendants and their creditors. Thus, the Defendants' motion to expunge the class proof of claims is granted.

---

[5] Even where a non-bankruptcy court has certified a class, "there may be other factors in the bankruptcy proceeding that make class certification there less compelling and it may be possible that a different result might be appropriate." *In re Zenith*, 103 B.R. at 664; *See American Reserve*, 840 F.2d at 493-494; *See also Reid v. White Motor Corp.*, 886 F.2d at 1470-71 (affirming bankruptcy court's denial of class proof of claim because attorney failed to timely petition bankruptcy court to apply Rule 7023).

7

An Order in conformance with this opinion has been entered by the Court and a copy attached hereto.

*s/* *Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: September 24, 2010